JOHN D. WALSH
*v.*
CHARLES H. RAY.

1. CHANGE OF VENUE—*in civil cases—not discretionary.* Where a petition for a change of venue in a civil cause, conforms to the requirements of the act of 1845, entitled "Venue," the mandate of the statute is peremptory, that the application must be granted. The court has no discretion.

2. SAME—*in civil and criminal cases, in the Superior Court of Chicago.* Under the 19th Section of the act of 1853, (Scates' Comp. 273), the Superior Court of Chicago may exercise a discretion in allowing a change of venue in criminal cases; but that act leaves the practice in civil cases as it was under the act of 1845.

APPEAL from the Superior Court of Chicago.

Charles H. Ray instituted an action of forcible detainer against John D. Walsh, before a justice of the peace in Cook County, and the cause was subsequently removed into the Superior Court of Chicago by appeal. Pending such appeal, Walsh, the defendant, applied for a change of venue, and in support of his application set up the facts as alleged in the following petition:

"Your petitioner, John D. Walsh, the defendant in the "above entitled cause, respectfully represents and shows unto "your Honors, that the judges of this court are all prejudiced "against your petitioner, and in favor of the plaintiff to this "cause, so that he fears, and verily believes, that he will not "have a fair and impartial trial of said cause in the Superior "Court of Chicago, in said County, wherein this cause is now "pending. Your petitioner further shows unto your Honors, "that the existence of such prejudice in the minds of the said "judges of the said Superior Court of Chicago, first came to "the knowledge of your petitioner on this 24th day of June, "A. D. 1864. Your petitioner therefore prays for a change "of venue in the said cause, to some court where said preju- "dice does not exist, pursuant to the statute in such case made "and provided."

*Signed and sworn to, &c.*

Notice of the application was duly given, and upon a hearing thereof on the 24th of June, 1864, the same was overruled by the court, and exception taken.

A trial was had in November following, which resulted in a verdict and judgment for the plaintiff. Thereupon the defendant took this appeal, and assigns for error the ruling of the court in denying his application for a change of venue.

Messrs. McALLISTER, JEWETT and JACKSON, for the appellant.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

A petition for a change of venue was filed in the court below, by appellant. It stated that the judges of the Superior Court were all prejudiced against petitioner, and in favor of plaintiff in the case. That he feared that he would be unable to obtain a fair and impartial trial of the cause, in that court. It also stated that the existence of such prejudice in the minds of the judges, first came to his knowledge on the day the petition was filed, and the motion was entered. It prayed a change of venue to some court where such prejudice did not exist, pursuant to the provisions of the statute. Appellee's attorneys were served with notice of the intended application, and that it would be made at two o'clock of the same day. It was made in pursuance of the notice, but it was overruled by the court, to which an exception was taken.

This petition, the notice and the motion for a change of venue, seem to fully conform to the act of 1845, entitled "Venue." And when its requirements have been observed, its mandate is peremptory. The court in such a case has no discretion. A party bringing himself within its provisions is entitled to its benefits, and the court must grant the change of venue. The 19th section of the act of 1853, (Scates' Comp. 273), vests that court with the right to determine whether a party, in a criminal case, is entitled to a change of venue; but it leaves the practice in civil cases as it was under the act of 1845. The court below, therefore, erred in overruling the motion, and the judgment must be reversed and and the cause remanded.

*Judgment reversed.*