LANDON MAPES *et al.*

*v.*

EDWARD SCOTT *et al.*

1. CHANGE OF VENUE—*may be upon equitable terms.* Under the Rev. Stat. of 1874, an order for a change of venue in a civil case may be made subject to such equitable terms as safety to the rights of the parties may require, and the court, in prescribing the terms and conditions, must exercise a sound discretion, and the exercise of such discretion is no ground of error unless there is an abuse of it clearly prejudicial to the rights of the party complaining.

2. Where the defendants in an action of ejectment applied for a change of venue, and it was made to appear by affidavit of the plaintiffs that they had bought the land from parties who obtained title from the defendants, or some of them, and that the use of the property was worth $600 per annum, that two of the defendants resided out of the State, and that the others had no property out of which the rents or damages for withholding the property could be recovered, and that the case had once been tried resulting in favor of the plaintiffs, and that the plaintiffs had been subjected to a loss of not less than $600 annually since the commencement of the suit, by being deprived of the use of the premises, it was *held* no abuse of discretion, and no error, in requiring the defendants, as a condition to granting a change of venue, to execute a bond to the plaintiffs in the sum of $500, conditioned to secure the plaintiffs in the payment of rents for the premises in the event of a recovery by them.

3. DESCRIPTION *of land in a patent.* A description of land in a patent from the United States as "the west half of the south-west quarter of section 9. in township 15 north, range 10 west, in the district of lands offered for sale at Springfield, Illinois," is sufficiently certain. It is not essential to

name the county in the patent, and describing the land as in the district of lands offered for sale at Springfield, Illinois, shows sufficiently the State in which the land is situated.

4. National bank—*may take conveyances of land in payment of debts.* A national bank has the right to acquire the title to real estate in satisfaction of a pre-existing indebtedness.

5. Conveyances of real estate to national banks are valid for all purposes until called in question by a direct proceeding instituted for that purpose by the government. They can not be attacked collaterally, as, in an action of ejectment.

6. Judgment—*in ejectment.* Where the plaintiff in ejectment claims to own the premises in fee, and the verdict finds the defendants guilty, and that the plaintiff is the owner in fee of the premises described in the declaration, a judgment that the plaintiff is entitled to and shall have and recover of and from the said defendants the possession of the premises described in the declaration, to-wit, etc., though technically defective, when considered in connection with the verdict is sufficient to show the estate recovered, and is substantially good.

Appeal from the Circuit Court of Morgan county; the Hon. Cyrus Epler, Judge, presiding.

Mr. Oscar A. De Leuw, and Messrs. Epler & Callon, for the appellants:

The petitions for a change of venue on account of the prejudice of the judge were filed in apt time, and are strictly within every possible requirement of the statute. Where an applicant in a civil suit brings himself within the statute, the discretion of the court ceases and the court is bound to grant the petition. *McGoon* v. *Little,* 2 Gilm. 42; *Barrows* v. *The People,* 11 Ill. 121; *Wash* v. *Ray,* 38 id. 30; *Commercial Ins. Co.* v. *Mehlman,* 48 id. 316; *Knickerbocker Ins. Co.* v. *Tolman,* 80 id. 106.

The court had no power to impose conditions in such a case. *Bellingall* v. *Duncan,* 2 Gilm. 591.

A national bank can only acquire real estate, except in cases enumerated in the National Banking act, in satisfaction of debts previously contracted, and can only convey such as it may properly acquire in the mode prescribed by its board of

directors, by by-laws not inconsistent with the act creating such corporation.

The judgment is defective in substance. The declaration claims the title in fee simple in the plaintiffs. The judgment is that " the plaintiffs have and recover of the defendants the *possession* of the premises described in the declaration." The language of the statute is that " the plaintiffs shall recover according to the verdict of the jury." The plaintiff is bound by the claim of title he makes in his declaration, and can not recover any other estate. *Rawlings* v. *Bailey*, 15 Ill. 178, 540; *Koon* v. *Nichols*, 63 id. 163.

Again, the judgment does not even pretend to describe the county in which the lands purport to lie.

Messrs. BROWN, KIRBY & RUSSELL, and Mr. JOHN T. SPRINGER, for the appellees:

The court did not err in refusing appellants' application for a change of venue. The court had authority to impose terms on granting the change. Rev. Stat. 1874, ch. 146, sec. 11.

The act of Congress, of which this court will take judicial notice, under which these lands were sold, is recited in the patent, and this act, together with the description given in the patent, makes it clear that the land described in the patent includes the land in controversy.

The conveyances to the national bank are valid until assailed in a direct proceeding instituted for that purpose. Such conveyances are not void, but voidable only. *National Bank* v. *Mathews*, 8 Otto, 621.

The judgment is sufficient. In the cases cited there was a trial by jury, when here the trial was by the court. Rev. Stat. 1874, ch. 45, sec. 32; *Minkhart* v. *Hankler*, 19 Ill. 47.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This is an appeal from a judgment rendered in the circuit court of Morgan county, in an action of ejectment, in which the plaintiffs in the action recovered the possession of the

premises described in the declaration. The action was com-
menced by summons issued October 20, 1874, returnable to
the November term of the Morgan circuit court.

At the November term, 1876, and on the 14th day of No-
vember, the defendants served notice on the plaintiffs that
they would, on that day, enter a motion for a change of venue.
A petition was presented and the motion made. At the same
time the plaintiffs entered a cross-motion, that the petition
should only be allowed upon terms to be imposed by the
court, as provided by section 11, Rev. Stat. 1874, p. 1094,
which provides that the order for a change of venue may be
made subject to such equitable terms and conditions as safety
to the rights of the parties may seem to require, and the
judge, in his discretion, may prescribe.

Upon the hearing of the motion, the court made an order
granting the change of venue on condition that defendants
execute a bond in the sum of $500, conditioned to secure the
plaintiffs in the payment of rent for the premises, in the event of
a recovery by them. The defendants refused to execute a bond,
as required, and excepted to the ruling of the court. Where
a petition for a change of venue is filed in a civil case and
the petitioner complies with the requirements of the statute,
the court has no discretion in deciding whether or not the
venue of the case shall be changed. The statute on this
point is imperative. *The Knickerbocker Insurance Co.* v. *Tol-
man,* 80 Ill. 106. But under the section of the statute, *supra,*
the order for a change of venue may be made subject to such
equitable terms as safety to the rights of the parties may re-
quire, and the judge, in prescribing the terms and conditions,
must exercise a sound discretion. The only question, there-
fore, to be determined is, whether the circuit court, in
deciding upon the application, exercised a proper discretion,
or were the terms imposed an abuse of that discretion con-
ferred by the statute. The exercise of a discretion can not be
held to be ground for a reversal of the judgment unless there

was an abuse of the discretionary power of the court which was clearly prejudicial to the rights of the petitioners.

On the hearing of the motion the plaintiffs filed an affidavit, from which it appeared that the plaintiffs bought the premises in controversy from parties who obtained title from the defendants, or some of them; that the use of the premises is worth to the plaintiffs $600 annually; that two of the defendants reside out of the State, and the other defendants have no real or personal property out of which the rents, or damages for withholding the possession of the premises, could be recovered should they succeed in the action of ejectment; that the cause had once been tried, resulting in favor of the plaintiffs. It also appears from the affidavit that the plaintiffs have been subjected to a loss of not less than $600 annually since the commencement of the suit, by being deprived of the use of the premises. Now, if this affidavit was true, and its truth was not contradicted on the hearing of the motion, was there such an abuse of discretion exercised by the court in requiring the defendants to execute a bond in the penal sum of $500 to secure the payment of the rent of the premises, as would justify a reversal of the judgment upon the ground that the court had abused a discretionary power conferred by the statute? We think not. If the defendants were defending the action in good faith, and had a meritorious defence, it would have been an easy matter to have complied with the order of the court, and the bond would have imposed no liability upon them. If, on the other hand, the defence was interposed for delay merely, then it was but right that they should be required to give some guaranty that at the end of the litigation a reasonable rent for the use of the premises should be paid. While the court had no power to impose arbitrary terms as a condition to granting a change of venue, such as would defeat the right conferred by the statute, in a case of this character, yet when the terms are equitable, and such as impose no great hardship upon the party, unless the statute which gives the circuit court the power is to be dis-

regarded, we perceive no ground upon which it can be held that the court exceeded the powers given by the statute in making the order that was made in this case.

At two subsequent terms of court the application for a change of venue was renewed, but as the notice given of the intended application was insufficient, the court did not err in overruling the petitions.

It is also insisted that the court erred in admitting in evidence an exemplified copy of a patent from the United States to John P. Tefft, for the reason that the range, county and State are omitted in the description of the premises. The description of the land in the patent is as follows: The west half of the south-west quarter of section nine, in township fifteen north, range ten west, in the district of lands offered for sale at Springfield, Illinois. As respects the range, the objection has no foundation in fact. As to the county, it is not essential that it should be named. In regard to the State, we had not supposed, when the patent specifies that the land was in the district of lands offered for sale at Springfield, Illinois, that there could be any uncertainty as to the location.

The plaintiffs, in their chain of title, read in evidence a deed from James Dunlap to Neely and Holland for an undivided half of the land in question. Afterwards Neely and wife conveyed to Holland an undivided one-fourth part of the same. It is insisted that this does not vest Holland with an undivided half. We perceive no ground for a doubt on this question. Neely and Holland obtained a deed for an undivided half. Each then had an undivided fourth, and when Neely conveyed the undivided fourth, his deed passed all the interest he had in the premises.

The plaintiffs, in establishing their chain of title, offered in evidence two certain deeds made to the First National Bank, Jacksonville. It is insisted by the defendants that these deeds should have been excluded—that the bank could not take and convey real property. Testimony was introduced tending to prove that the bank acquired the property in pay-

ment of a pre-existing debt.  There can be no doubt in regard to the right of a national bank to acquire real estate in satisfaction of a pre-existing indebtedness.  In *Mapes* v. *Scott*, 88 Ill. 352, this point was expressly decided.  But, independent of this view, the right of the bank to acquire the property could not be raised in this collateral manner.  Conveyances to a national bank must for all purposes be regarded as valid until called in question by a direct proceeding instituted for that purpose by the government, as held in *National Bank* v. *Mathews*, 8 Otto, 621.  As this decision of the Supreme Court of the United States involves a construction of an act of Congress, it is paramount and must prevail.

It is also contended that the judgment is fatally defective in not specifying the particular estate recovered.  By the averments in the declaration the plaintiffs claim to own the premises in fee.  The jury by their verdict found the defendants guilty, and that plaintiffs are owners in fee of the premises described in the declaration.  The verdict of the jury was in strict conformity to the statute, which requires the verdict to specify the estate established on the trial.

Section 32 of chapter 45, Ejectment, provides that the judgment shall be that plaintiff recover the possession of the premises according to the verdict of the jury.  The judgment entered here was as follows: "It is therefore ordered by the court, that the said plaintiffs are entitled to, and shall have and recover of and from the said defendants, the possession of the premises described in the declaration, to-wit." Now, while the judgment here entered is not in strict conformity to the requirements of the statute, and may be regarded as technically defective, yet, when the verdict and judgment are considered together, there can be no doubt in regard to what the judgment of the court was, and when that is apparent and the finding is correct in law, a judgment will not be reversed on account of some technical defect. *Minkhart* v. *Hankler*, 19 Ill. 47.  Some other questions of

minor importance have been raised, but we see no substantial merit in them, and it will not be necessary to consider them here.

The judgment will be affirmed.

*Judgment affirmed.*