## Rena Simpson, Appellee, v. L. D. Simpson, Appellant.

1. CHANGE OF VENUE—*effect of application.* After the petition for change of venue is presented the judge named therein has no power to render any further order therein, except such as may be made in connection with the one which allows the change of venue.

2. CHANGE OF VENUE—*section 11 of Act construed.* By virtue of section 11 of chapter 146, a judge to whom an application for change of venue has been made, is not empowered to impose as condition to the granting of the change the obligation of payment of money and solicitor's fees.

Separate maintenance. Appeal from the Circuit Court of Johnson county; the Hon. WILLIAM W. BUTLER, Judge, presiding. Heard in this court at the March term, 1911. Reversed. Opinion filed November 11, 1911.

SPANN & SPANN and O. R. MORGAN, for appellant.

GEORGE N. ENGLISH and T. H. SHERIDAN, for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

Appellee filed a bill for separate maintenance against appellant, her husband, to the November term, 1910, of the Circuit Court of Johnson county, charging him with extreme and repeated cruelty and other misconduct.

By her bill appellee also asked for the custody of the two minor children of herself and appellant and for temporary alimony, for the support of herself and said minor children, during the pendency of the suit and for solicitor's fees.

On November 12, 1910, appellant gave notice of an application for a change of venue in the cause, on account of the prejudice of the trial judge. On November 14th, the first day of the term, the petition for change of venue was filed and taken up for considera-

tion by the trial judge named therein, who took the application under advisement. Subsequently on November 17th, appellee presented her petition for alimony *pendente lite*, for herself and one of said minor children and for solicitor's fees, and upon consideration thereof, the court on that day granted the petition and decreed that appellant pay a solicitor's fee of seventy-five dollars by a time fixed and that he pay the further sum of twenty-four dollars a month on the 21st day of each month commencing on November 21st, to appellee, for the support of herself and said minor child, until the further order of the court. From such decree, appellant has appealed to this court.

It also appears from the record in this case that upon the same day upon which the decree for solicitor's fees and temporary alimony was made by the court, and subsequent thereto, appellant's motion for a change of venue was allowed.

The principal question discussed by counsel in this case, and the only one necessary for us to consider, is whether the court below had any authority to enter a decree for solicitor's fee and temporary alimony, after the petition for a change of venue, on account of the prejudice of the trial judge, worded and verified as required by law, had been presented to the court and due notice thereof had been given to the adverse party.

Where the application for change of venue is made on account of the prejudice of the trial judge, the statute gives no discretion, but such judge if the petition is in proper form and duly verified, must grant the petition and allow the change of venue. After the petition is presented, the judge named therein has no power to render any further order therein, except such as may be made in connection with the one which allows the change of venue.

Appellee relies upon section 11 of chapter 146 of the Revised Statutes, which provides that, "The order for

a change of venue may be made subject to such equitable terms and conditions as safety to the rights of the parties may seem to require and the judge in his discretion may prescribe."

The provisions of the decree for a solicitor's fee and alimony entered by the judge in this case, were evidently not·intended as the equitable terms and conditions on which the order for the change of venue was made. In fact that decree was entered and appealed from as a separate proceeding before the change of venue was allowed and there is nothing in the record to indicate any connection between the decree appealed from and the order for the change of venue.

We are of opinion that after the presentation of the application for a change of venue, the court below was without jurisdiction to enter the decree in regard to the solicitor's fee and temporary alimony, which was appealed from and that decree is accordingly reversed.

*Decree reversed.*