BERTHA FEIGEN, Defendant in Error, *vs.* C. W. SHAEFFER, Plaintiff in Error.

*Opinion filed December 17, 1912.*

1. CONSTITUTIONAL LAW—*amendment of constitution in 1904 does not authorize special law concerning changes of venue.* The constitutional amendment of 1904, under which the creation of the municipal court of Chicago is authorized, with a practice such as the legislature shall prescribe, did not affect the provision of section 22 of article 4 of the constitution, prohibiting special laws providing for changes of venue, as a change of venue is not a matter of practice but is a substantial right of a litigant.

2. SAME—*section 39 of the Municipal Court act, limiting the right to grant change of venue, is invalid.* Section 39 of the Municipal Court act, which provides that no application for a change of venue, in any case of the fourth or fifth class, on account of the prejudice of the judge, shall be allowed by the municipal court when the applicant names in his application more than three judges from whom such change of venue is desired, is a special law differing from the general law governing changes of venue in other courts, and violates section 22 of article 4 of the constitution.

WRIT OF ERROR to the Municipal Court of Chicago; the Hon. WILLIAM N. GEMMILL, Judge, presiding.

LOUIS GREENBERG, for plaintiff in error.

GUERIN, GALLAGHER & BARRETT, for defendant in error.

Mr. JUSTICE COOKE delivered the opinion of the court:

Bertha Feigen, defendant in error, brought suit against C. W. Shaeffer, plaintiff in error, in the municipal court of Chicago, in a case of the fourth class, for the recovery of the sum of $500, with interest. Thereafter plaintiff in error applied to the court for a change of venue, which application was supported by a sworn petition, wherein it was alleged that all the judges of the municipal court were prejudiced against him and in favor of the defendant in error and that he feared and believed that he would not

receive a fair and impartial trial. The application for a change of venue was denied and the cause was tried, resulting in a judgment in favor of the defendant in error. The action of the court in denying the application for the change of venue is one of the grounds assigned for error, and plaintiff in error contends that section 39 of the Municipal Court act, which provides that no application for a change of venue in any case of the fourth or fifth class on account of the prejudice of the judge shall be allowed by the municipal court when the applicant names in his application more than three judges from whom such change of venue is desired, is unconstitutional and void.

Section 22 of article 4 of the constitution provides that the General Assembly shall not pass local or special laws providing for changes of venue in civil and criminal cases. By the Venue act a litigant is permitted to apply for a change of venue from all of the judges of any other court of record, and we have held that a change of venue on a proper application, supported by a sworn petition, must be granted. (*Walsh* v. *Ray,* 38 Ill. 30; *Knickerbocker Ins. Co.* v. *Tolman,* 80 id. 106.) As section 39 of the Municipal Court act is a special law, providing for changes of venue in the municipal court in a manner different than that in all other courts of record in the State, it is in contravention of section 22 of article 4 of the constitution.

It is contended on the part of the defendant in error that the provision of said section 39 relative to changes of venue in the municipal court is authorized by section 34 of article 4 of the constitution, being the amendment of 1904. This section of the constitution provides, merely, that in case the General Assembly shall create a municipal court in the city of Chicago, the jurisdiction and practice of said court shall be such as the General Assembly shall prescribe. The substantive right of a litigant to apply for a change of venue, and the extent to which he may be en-

titled to exercise that right, is not a question of practice, as defendant in error contends. This was recognized by the framers of the constitution in said section 22 of article 4, where it is also provided that the General Assembly shall not pass local or special laws regulating the practice in courts of justice. It was to amend the constitution in this last named particular that said section 34 of article 4 was added by way of amendment. That amendment did not attempt to alter or in anywise change the provision of said section 22 which prohibited the passing of special or local laws providing for changes of venue. As was said in *Miller* v. *People,* 230 Ill. 65, in referring to the said amendment of 1904: "Furthermore, the constitution prohibits the enactment of any local or special law providing for changes of venue in civil and criminal cases. Other provisions of the constitution are only affected or modified by the amendment of 1904 so far as necessary to give effect to that amendment, and the provision prohibiting local or special laws providing for changes of venue was not changed, by implication, by the amendment."

No question is raised as to the sufficiency of the application, the only contention being that under said section 39 of the Municipal Court act the court had no power to grant it. In so far as it attempts to limit the right of the municipal court to grant changes of venue, section 39 of the Municipal Court act is void.

Other grounds for error have been assigned and urged, but as they relate to matters which will not likely arise on another trial it is not necessary to treat of them here.

For the error indicated the judgment is reversed and the cause remanded to the municipal court, with directions to grant the application for change of venue.

*Reversed and remanded, with directions.*