(No. 12955.—Writ dismissed.)

THE PEOPLE *ex rel.* County of Peoria, Defendant in Error, *vs.* CHRISTOPHER HARRIGAN, Exr. Plaintiff in Error.

*Opinion filed December 17, 1919—Rehearing denied Feb. 10, 1920.*

1. PRACTICE—*matters not properly part of the record cannot be considered though copied therein by the clerk.* Motions, appeal bonds and other instruments introduced in evidence and which are not part of the record proper or preserved by any bill of exceptions or certificate of evidence cannot be considered by a court of review though copied in the record by the clerk of the lower court.

2. SAME—*executor who has been removed cannot prosecute a writ of error.* An executor who has been removed and is not shown by the record to have been re-instated has no authority to sue out a writ of error in a proceeding against the estate of the deceased.

3. APPEALS AND ERRORS—*who may prosecute writ of error.* No person is entitled to prosecute a writ of error other than one who is a party or privy to the record or one who has been injured by the judgment and will be benefited by its reversal or is competent to release errors.

WRIT OF ERROR to the Circuit Court of Peoria county; the Hon. THEODORE N. GREEN, Judge, presiding.

JOSEPH W. MAPLE, for plaintiff in error.

C. E. McNEMAR, State's Attorney, (DAN R. SHEEN, of counsel,) for defendant in error.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

On March 25, 1913, a claim for $4801.13 was allowed by the probate court of Peoria county in favor of defendant in error and against the estate of Michael Harrigan, deceased, for back taxes assessed against Harrigan in his life for the years 1899 to 1911, both inclusive, and which had not been collected. An appeal from that order and judgment was prayed to the circuit court of Peoria county by the executors of the deceased, Christopher Harrigan and Kate Harrigan, the latter of whom is now deceased,

and they gave bond in the sum of $200. On October 5, 1918, being of the September term, 1918, of said circuit court, that court entered an order dismissing the appeal for failure of the executor to file a sufficient appeal bond, as ruled on motion of defendant in error. There was an appeal prayed to the Appellate Court for the Second District by the estate of Michael Harrigan and Christopher Harrigan, as executor, which was allowed by the court upon the defendants giving a good and sufficient appeal bond in the sum of $1000, and sixty days was given within which to file a bill of exceptions. Christopher Harrigan, as executor, has sued out this writ of error to reverse that order and judgment.

The clerk of the circuit court has copied into the transcript of the record the motion of defendant in error to dismiss the appeal purporting to be filed at the September term, and also a copy of the appeal bond purporting to have been filed by plaintiff in error in answer to said rule of the circuit court. A number of other motions and bonds of similar character purporting to be filed at said term, and also a number of other such instruments purporting to be filed at the January term of said court, 1918, have also been copied into the record, and also the orders of the court and its rulings thereon. None of said motions and bonds or other matters have been included in any stenographic report, bill of exceptions or certificate of evidence, as required by section 81 of the Practice act, in order that such matters may become a part of the record, and therefore they cannot be considered as any part of the record. There is in the record what is called a certificate of evidence heard upon the motion to dismiss the appeal and which is signed by the presiding judge. That certificate of evidence contains nothing except a copy of rule 24 of the circuit court and a certified copy of the decree of the probate court of Peoria county, showing that Christopher Harrigan was removed by the order of the probate court as executor of said estate

on October 4, 1918, and that E. J. Galbraith, public administrator, was substituted and appointed as administrator of the said estate of Michael Harrigan, with the will annexed. It further appears by said order of the probate court that the rights and powers of Christopher Harrigan as such executor were limited thereafter to a proper accounting and settlement of the estate with the public administrator, and, so far as this record shows, no appeal was taken from the order of the probate court removing Christopher Harrigan as executor of said estate and appointing said administrator.

Defendant in error has filed in this court its motion to dismiss the writ of error. Among the reasons assigned are that the plaintiff in error has presented no objections or exceptions signed by the trial judge, and that plaintiff in error was removed and is no longer executor of said estate. This motion was taken with the case, to be decided on final consideration of the cause.

The only matter properly included in the bill of exceptions or certificate of evidence furnishes positive proof that Christopher Harrigan was removed as executor and an administrator with the will annexed appointed and substituted in his place. There is no showing in this record that he was ever re-instated. There is no contention by plaintiff in error that he was so re-instated. He, therefore, had no authority to prosecute this writ of error. No person is entitled to prosecute a writ of error other than a party or privy to the record, or one who has been injured by the judgment and will be benefited by its reversal, or one who is competent to release errors. (7 Ency. of Pl. & Pr. 856; 2 Bacon's Abridgment, 456; 2 Tidd's Prac. 1135.) Where an executor or administrator has been removed and another administrator appointed in his stead, he has no further right or authority to interfere with or control legal proceedings. As such officer he has no interest in such proceedings, could not be benefited by a reversal of such proceedings and could not release errors, for the very significant reason that he

is no such officer. Christopher Harrigan was not a party to the suit in the lower court, so far as is discoverable from the record. The case is entitled all through the record as "People, etc. *ex rel.* County of Peoria *vs.* the Estate of Michael Harrigan, deceased." Where an administrator sues out a writ of error after his power as such administrator has ceased he is not entitled to prosecute the suit. *Hincks v. Barnett,* 58 Kan. 814.

The motion is sustained and the writ of error dismissed.

*Writ dismissed.*