## Victor E. Witherstine and Josephine Witherstine, Defendants in Error, v. Marguerite Snyder and Henry H. Snyder, Plaintiffs in Error.

### Gen. No. 7,183.

1. APPEAL AND ERROR—*bill of exceptions requisite to review of rulings on motions to strike plea and for change of venue.* Alleged error in striking a plea of the general issue from the files and in denying a motion for change of venue on the ground of prejudice is not preserved for review where not preserved by a bill of exceptions or certificate of evidence even though the petition for change and ruling thereon and the ruling on the plea are contained in a transcript certified by the clerk of the lower court.

2. CONTEMPT—*dismissal of attachment for contempt for disobedience of supersedeas on affirmance of judgment.* A writ of attachment issued by the Appellate Court requiring defendants in error to show cause why they should not be punished for disobedience of a writ of error to review a judgment in forcible entry and detainer made a supersedeas by that court will be dismissed where the judgment is affirmed on such writ of error.

Error by defendants to the Circuit Court of Winnebago county; the Hon. ROBERT K. WELSH, Judge, presiding. Heard in this court at the April term, 1923. Affirmed. Opinion filed January 7, 1924. Rehearing denied April 2, 1924.

CARLOS J. WARD, for plaintiffs in error.

FISHER, NORTH, WELSH & LINSCOTT, for defendants in error.

MR. JUSTICE JETT delivered the opinion of the court. This case is one at law, being a forcible entry and detainer proceeding brought by the defendants in error against the plaintiffs in error in the circuit court of Winnebago county. Such steps were taken and proceedings had that resulted in a judgment being entered for immediate possession of the premises in question, in favor of defendants in error and against plaintiffs in error. No appeal having been taken within five

days, a writ of restitution was issued and served and the defendants in error placed in possession of the premises involved, which they have held from that time to the present. The cause is in this court for review on writ of error.

A number of reasons are assigned for a reversal of the judgment of the circuit court, the principal ones being the action of the court in striking the plea of the general issue of plaintiffs in error from the files, defaulting the plaintiffs in error and rendering judgment for possession, and in denying the application for a change of venue.

The record discloses the defendants in error filed a complaint in forcible entry and detainer against the plaintiffs in error to obtain possession of certain improved real estate in the City of Rockford sold by them on contract to the said plaintiffs in error. The complaint set out the contract of purchase. The purchase price was $18,000, $4,000 to be paid September 1, 1920, and monthly payments of $160 and an agreement to pay one-third of the taxes for the year 1920. The contract shows an indorsement of $4,000 September, 1920, and $160 in October, November and December, 1920, and January and February, 1921. The complaint charges that the plaintiffs in error failed to pay any taxes or any monthly payments after February 1, 1921. The complaint alleges the serving of the notice on the plaintiffs in error on July 28, 1922, of intention to cancel the contract on September 1, 1922, if all payments were not made to that date; also the serving on September 1, 1922, of notices declaring the contract of purchase canceled and demanding immediate possession of the premises.

The suit was brought to the October term of said court, which began Monday, October 2, 1922, and default day was October 4. Plaintiffs in error insist there was a rule of court in force at that time which provided that defaults shall not be entered in any case either law or chancery before the first Wednesday of

the term and plea and answer shall then be due and on file. Plaintiffs in error contend the record discloses that on October 3, Frank M. Ryan and Sydney A. Shoop filed their appearance as attorneys for plaintiffs in error and on the same day filed a sworn petition on behalf of said plaintiffs in error for a change of venue from the sitting judge; that on October 4, at eleven o'clock a. m., attorneys for defendants in error appeared in court and asked for a default for want of a plea and the court ruled that they were entitled to a default but no default order was entered; that in the afternoon of October 4, attorneys for plaintiffs in error filed a plea of the general issue denying all of the allegations of the complaint; that on October 5, the attorneys for plaintiffs in error filed a motion for a rule on the defendants in error to file a copy of the complaint as required by the Practice Act, which motion was denied, and on the same day plaintiffs in error served notice to call up for argument on October 6, the petition for change of venue; that on October 5, on motion of defendants in error, the plea of the general issue filed by plaintiffs in error was stricken from the files and an order of default entered against the plaintiffs in error; that on October 6, the petition for a change of venue was heard and denied and a motion on the part of plaintiffs in error to set aside the default and for leave to plead was denied.

On October 7, proofs were heard on behalf of defendants in error and the court found that the plaintiffs in error went into possession of the premises in question under a contract of purchase and that they had failed to comply with the terms of the contract and were guilty of unlawfully withholding possession of the premises and judgment was entered as hereinbefore indicated. The rapidity and regularity with which this case progressed from October 2 to October 7 was unusual to say the least.

The various steps taken and orders entered as indicated are found in the record filed in this court.

There is no bill of exceptions in this case. There is a record certified by the clerk of the circuit court of Winnebago county which contains among other things the petition for a change of venue, the denying of the application and the ruling on the plea of the general issue. It is insisted by the defendants that the rulings complained of are not properly before this court for consideration for the reason that they are not preserved in a bill of exceptions. From the information obtained 'from the record filed herein we are of the opinion the court erred in refusing the change of venue, and that the plea of the general issue should not have been stricken from the files.

We recognize the propriety of having rules in order to properly and expeditiously and in an orderly manner dispose of the business that comes before the court. We do not perceive, however, of any good reason from what is disclosed in this record, where plaintiffs in error pleaded the general issue on the day the plea was required to be filed under the rule, and before any default was had, and where no injury had been done to the defendants in error, why the plea should on the following day be stricken from the files and a default entered. If the striking of a plea under such circumstances would prevent the interposing of a defense it might work a great hardship.

The petition for a change of venue appears to have been regular in form and substance and properly verified. Where the application for a change of venue is made on account of the prejudice of the trial judge, the statute gives no discretion, but such judge, if the petition is in proper form and duly verified, must grant the petition and allow the change of venue. After the petition is presented the judge named therein has no power to render any further order therein, except such as may be made in connection with the one which allows the change of venue. *Simpson v. Simpson*, 165 Ill. App. 515; *Glos v. Garrett*, 219 Ill. 208. A change of venue is not a matter of practice

but is a substantial right of a litigant. *Feigen v. Shaeffer,* 256 Ill. 493.

There is no authority for us to consider either of the questions and rulings of the court for the reason that they are not preserved in a bill of exceptions. Motions and other instruments introduced in evidence which are not part of the record proper or preserved by any bill of exceptions or certificate of evidence cannot be considered by a court of review, though copied in the record by the clerk of the court below. *People v. Harrigan,* 291 Ill. 206.

Motions, affidavits and rulings thereon which are not a part of the common-law record even though they be copied into the transcript by the clerk do not become or constitute a part thereof, and when not made a part of the record by a bill of exceptions, the Appellate Court cannot review the action of the trial court thereon. *Heacock v. Hosmer,* 109 Ill. 245; *People v. Ellsworth,* 261 Ill. 275-278.

A petition for a change of venue and affidavit in support thereof are not a part of the record proper but must be preserved by a bill of exceptions or stenographic reports of the trial. *Macierz Polska of United States v. Czarnecki,* 272 Ill. 34; *People v. Ellsworth,* 261 Ill. 278; *Heacock v. Hosmer,* 109 Ill. 245.

A motion to strike pleas from the files, the decision of the court thereon and exception taken do not become part of the record unless preserved in a bill of exceptions. *Gaynor v. Hibernia Sav. Bank,* 166 Ill. 577; *Snell v. Trustees M. E. Church of Clinton,* 58 Ill. 290; *Gaddy v. McCleave,* 59 Ill. 182; *Fanning v. Russell,* 81 Ill. 398.

In view of the rule as we understand it, we are not in a position to consider the various errors assigned by the plaintiffs in error because the questions presented therein have not been preserved in a bill of exceptions. At the time the writ of error was sued out in this cause it was made a supersedeas and it was not observed by the defendants in error. A writ

of attachment was ordered issued by this court requiring defendants in error to show cause, if any they had, why they should not be punished for contempt of court in refusing to obey the supersedeas. Since the judgment of the court below for the reasons already assigned must be affirmed, the writ of attachment against defendants in error is dismissed.

The judgment of the circuit court of Winnebago county is affirmed.

*Judgment affirmed.*