**Florence Davies, Plaintiff in Error, v. Alfred Frederick Lloyd Davies, Defendant in Error.**

**Gen. No. 32,039.**

VENUE—*power to vacate alimony order after allowing change of venue.* After a chancellor has allowed a change of venue from himself, on the allegation that he is prejudiced against the complainant in separate maintenance, he is without power to vacate a prior order allowing temporary alimony, notwithstanding the provision of Cahill's St. ch. 146, ¶ 11, that change of venue may be made subject to such equitable terms and conditions as safety to the rights of the parties may seem to require.

Error by plaintiff to the Superior Court of Cook county; the Hon. HARRY A. LEWIS, Judge, presiding. Heard in the first division of this court for the first district at the October term, 1927. Reversed. Opinion filed January 30, 1928.

NINIAN H. WELCH and SOL A. HOFFMAN, for plaintiff in error.

MATILDA FENBERG and JACOB G. GROSSBERG, for defendant in error.

MR. JUSTICE McSURELY delivered the opinion of the court.

By this writ of error complainant questions an order of the chancellor vacating a prior order which allowed temporary alimony, entered in connection with an order granting a motion for change of venue.

Complainant filed her bill for separate maintenance and on January 19, 1925, Judge Sabath entered an order giving her temporary alimony until the further order of the court. In April the cause was placed on Judge Lewis' trial calendar. May 18, 1927, complainant filed in due form a petition for change of venue, alleging prejudice of Judge Lewis against her. The court thereupon entered an order finding that the motion was proper and allowing a change of venue, but in addition also ordered that the order for alimony theretofore entered be discontinued until the cause was tried.

Complainant properly says that after the chancellor had allowed the change of venue from him, he was without power to make any order touching alimony. This exact situation was before the court in *Simpson v. Simpson*, 165 Ill. App. 515, where it was held that where the application for a change of venue is made on account of the prejudice of the trial court, the statute gives no discretion; but if the petition is in proper form the change of venue must be allowed; that after the petition is presented, the judge therein named has no power to render any further order therein except such as may be made in connection with the change of venue and that the court was without jurisdiction to enter any orders with regard to solicitors' fees and temporary alimony.

Defendant, however, cites the statute, section 11, chapter 146, Cahill's St. ch. 146, ¶ 11, which provides that change of venue may be made "subject to such equitable terms and conditions as safety to the rights

of the parties may seem to require, and the judge in his discretion may prescribe.''

An order relating to alimony does not come within the statutory equitable terms and conditions which the court may impose. These must relate to the safety of the rights of the parties. Vacating the order allowing the complainant alimony does not relate to the safety of the rights of the parties. The court had no authority to enter such an order. *Mapes v. Scott,* 94 Ill. 379; *Bellingall v. Duncan,* 2 Gilm. (Ill.) 591. That part of the order of May 18, 1927, purporting to relate to alimony, is therefore reversed.

*Reversed.*

MATCHETT, P. J., and O'CONNOR, J., concur.