## P. R. Mockler, Appellant, v. David F. Thomas & Company et al., Appellees.

### Gen. No. 36,533.

Opinion filed December 13, 1933.

ALFRED M. LOESER, for appellant; GEORGE YELLEN, of counsel.

CHAPMAN & CUTLER, for appellees; DAYTON OGDEN, of counsel.

MR. JUSTICE WILSON delivered the opinion of the court.

Plaintiff, P. R. Mockler, brought this action against the defendant David F. Thomas & Company, and others, to recover the value of two principal notes in the amount of $500 each, issued by the Associated Utilities, Inc., an Arkansas corporation, and claimed by the plaintiff to have been sold to the plaintiff in violation of the Blue Sky Law, Cahill's St. ch. 32, ¶ 254 *et seq.*

The cause originally appeared before the Honorable William E. Helander, one of the judges of the municipal court, on a motion to strike the statement of claim. The cause next appeared before the Honorable Francis B. Allegretti, one of the judges of the municipal court, on a motion pertaining to a settlement of the pleadings. The cause next appeared before the Honorable John J. Lupe, one of the judges of the municipal court, on a motion to settle pleadings. The cause later, on July 11th, appeared upon the calendar of the Honorable Robert E. McMillan and was postponed until August 1, 1932. On August 1, 1932, apparently for the first time it appeared upon the trial call of the Honorable Edgar A. Jonas, one of the judges of the municipal court of Chicago. On that day plaintiff presented a petition for a change of venue signed by the petitioner, Mockler, stating that she feared she would not

receive a fair trial if the cause was tried before his Honor Edgar A. Jonas, because she believed the judge to be prejudiced against her, the petitioner.

The petition further charged that the prejudice first came to the knowledge of the petitioner on August 1, 1932. This petition was duly verified. The plaintiff moved for a change of venue based upon the petition, which was refused and the parties were ordered to proceed with the trial on the following day, August 2, 1932.

From the statement of the court, which was incorporated in the bill of exceptions, it appears that on August 1st, counsel for plaintiff requested a continuance, which was denied. No motion, however, to this effect appears in the record nor in the bill of exceptions other than as it appears from the statement of the court.

It is insisted on behalf of the defendant that the petition was evidently filed for a delay and that under the statute it became necessary to have served notice within a reasonable time before the trial of said cause. From the record, however, it appears that the cause had been on the trial call of Judge McMillan until August 1st, at which time it appeared upon the call of his Honor Edgar A. Jonas. If such was the fact, there was no opportunity of serving notice prior to the time of the filing of the petition which was August 1st, which was the day it was called for trial by his Honor, Judge Jonas of the municipal court of Chicago. The petition was filed at the earliest opportunity and was regular in form and properly verified. It was not the function of the trial court to pass upon the question as to whether or not the allegation of prejudice was true or not. Upon the filing of the petition it became his duty to transfer the cause to some other court for trial.

An examination of the cases cited on behalf of the defendant discloses the facts to be that the cause had been pending before the trial court for some time and

that the party making the application had not made his application in apt time or upon reasonable notice. In the case at bar, however, it appears from the record that the application was made immediately and should have been granted.

The Supreme Court of this State in the case of *People v. Scott,* 326 Ill. 327, in its opinion, said:

"The legislature has prescribed the cases wherein a change of venue may be had in this State. Section 1 of our statute entitled 'Venue' provides that a change of venue in any civil suit or proceeding in law or equity, including proceedings for the exercise of the right of eminent domain, may be had where the judge is a party to or interested in the suit, or his testimony is material to either party, or he is related to or shall have been counsel for either party to the controversy, or where either party shall fear that he will not receive a fair trial because the judge is prejudiced against him. The spirit of our laws demands that every case, whether a statutory proceeding or otherwise, shall be fairly and impartially tried, and no judge should think of presiding in a case in which his good faith in'so doing is open to such serious question as that presented by this record. These provisions of the statute should receive a broad and liberal, rather than a technical and strict, construction, and should be construed so as not to defeat the right attempted to be attained therein. . . . The defendant's petition for a change of venue was in proper form and duly verified as required by the statute. Under the statute no discretion is given to the court where a petition for a change of venue is made on account of the prejudice of the trial judge. (*Walsh v. Ray,* 38 Ill. 30; *Knickerbocker Ins. Co. v. Tolman,* 80 id. 106.) This court has never recognized the doctrine stated by the trial court in passing upon this motion, that public policy urgently demands that motions for a change of venue should

be denied in cases where the petitions are unjustified. The decisions of this court have at all times been to the effect that the presiding judge has no right to pass judgment upon the truth of the facts stated in the petition or upon the question whether or not he is, in fact, prejudiced against the petitioner. The statute gives an absolute right to a change of venue to the petitioner when his petition is duly made and verified and filed in accordance with the statute.''

The case of *Wendt v. City of Elgin,* 264 Ill. App. 433, is very similar in fact to the case at bar. There a petition for a change of venue was filed May 20th, the day upon which a motion to dissolve an injunction came on for hearing. The petition for a change of venue was denied. The court in that case after reviewing a number of authorities bearing on the subject reached the conclusion that it was imperative that the trial court should grant the petition and had no discretion in the matter. To the same effect see *Simpson v. Simpson,* 165 Ill. App. 515, and *Davies v. Davies,* 247 Ill. App. 313. It was held in these two latter cases cited that the proceedings of the trial court, after the refusal to grant the petition for a change of venue, where the petition was regular in form and charged prejudice, were a nullity and that all subsequent proceedings therein were void. Such being the rule this court is precluded from considering the cause on its merits. In some jurisdictions it has been held that where it appears from the record that a fair trial was had, a court of review has the right to consider the facts and render a judgment thereon, even though the petition for a change of venue was denied, but such does not appear to be the rule in this State. It may be that the new Practice Act going into effect January 1, 1934, Cahill's St. 1933, ch. 110, ¶ 129 *et seq.,* may remedy this situation. It may be a fact as the trial court apparently believed that the petition was filed for de-

lay. It appears to have been filed on the first day the case appeared for trial before the particular judge called upon to try the cause in the municipal court. It is apparent that it could not have been filed at any earlier date in so far as that particular judge was concerned. What was in the mind of the petitioner at the time of the filing of the petition is not for us to determine.

The judgment of the municipal court is, therefore, reversed and the cause remanded for a new trial with directions to grant the petition for a change of venue.

*Judgment reversed and cause remanded with directions.*

HALL, P. J., and HEBEL, J., concur.