Agar Packing and Provision Corporation et al., Appellees, v. United Packinghouse Workers of America, Local 56 of the Packinghouse Workers Organization et al., Appellants.

Gen. No. 42,034.

Heard in the second division of this court for the first district. Opinion filed September 24, 1941.

ARTHUR J. GOLDBERG, of Chicago, for certain appellants.

JACOBSON, MERRICK, NIERMAN & SILBERT, of Chicago, for appellees.

MR. JUSTICE FRIEND delivered the opinion of the court.

September 3, 1941, plaintiffs filed a complaint against defendant unions and individual members and officers thereof, seeking preliminary and permanent injunctive relief, predicated upon allegations of an illegal strike and mass picketing. The case was assigned to JUDGE Rush of the circuit court. Pursuant to notice served upon defendants, a motion for a preliminary injunction was made on the morning of September 4th and continued, on defendants' motion, to the opening of court in the forenoon of September 5th. On the afternoon of September 4th defendants served notice that on September 5th they would present a petition for a change of venue, alleging prej-

udice on the part of the chancellor to whom the cause had been assigned, and stating that knowledge of this prejudice had come to their attention on that day. The petition for change of venue was properly signed and verified by more than three-fourths of the defendants. September 5th an order was entered continuing defendants' motion for change of venue and plaintiffs' motion for a preliminary injunction, until September 11th, subject to the right of plaintiffs to renew their motion on reasonable notice, and "without prejudice to the validity or propriety of the motion for change of venue as of this date." In the afternoon of September 10th plaintiffs notified counsel for defendants that they would appear before the chancellor at 3:30 that day and renew their application for a temporary injunction. Defendants appeared by their counsel at the stipulated time and asked for a ruling on their petition for a change of venue. After some argument, the matter was continued until the following morning. On September 11th the hearing of the cause was further continued until the opening of court on September 12th. On that day the chancellor entered the order for a temporary injunction from which this appeal is prosecuted, and after entering the order, granted defendants' motion for a change of venue.

On September 12th, defendants made a motion in this court to stay the interlocutory order. Plaintiffs thereupon interposed their printed answer to the motion and defendants replied to the answer. During the pendency of this motion the parties entered into a written stipulation "that this appeal shall be submitted on the briefs filed by the respective parties in connection with the motion to stay the interlocutory order appealed from, and that the sole question which shall be decided on the submission of this appeal shall be the change of venue question, including the application of section 11 of the Venue Act under the circumstances."

Upon this state of the record the sole question presented for determination is whether the chancellor then had power to enter any order in the case, until he had passed upon the motion for the change of venue, which was presented in due time and in proper form. Plaintiffs rely on section 11 of the Venue Act (ch. 146, Ill. Rev. Stat. 1941 [Jones Ill. Stats. Ann. 107.326]) for affirmance of the interlocutory order entered by the chancellor. This section of the statute reads as follows: *"The order for a change of venue may be made subject to such equitable terms and conditions as safety to the rights of the parties may seem to require, and the judge in his discretion may prescribe."* (Italics ours.) The italicized portion of section 11 requires no construction. It clearly declares that "the order for change of venue may be made subject" to equitable considerations. There is nothing in the language of section 11 that either expressly or impliedly afforded the chancellor any power to deprive defendants of a substantial right by granting the injunction before he had passed upon their motion for a change of venue. It is argued that under the allegations of the complaint a showing of irreparable loss and damage to plaintiffs impelled the chancellor to order the temporary injunction before granting the change of venue. However, the decisions in this State are clearly and uniformly to the effect that where an application for change of venue is made on account of the prejudice of the trial judge, the statute gives no discretion but requires the judge, if the petition is in proper form and duly verified, to grant the petition and allow the change of venue. It was so held in *Simpson v. Simpson,* 165 Ill. App. 515, where a bill for separate maintenance had been filed, returnable to the October term 1910 of the circuit court. Among other relief plaintiff there asked for the custody of two minor children and for temporary alimony during the pendency of the suit, as well as for solicitors' fees. Early in November of that year

defendant gave notice of an application for change of venue in the cause on account of the prejudice of the trial judge, and on the first day of the term the petition for change of venue was filed and taken under advisement. Subsequently, on November 17th, plaintiff presented her petition for alimony *pendente lite,* and upon consideration thereof the court on that day granted the petition and decreed that defendant pay solicitors' fees and temporary alimony for the support of plaintiff and her minor child until the further order of the court. On the same day upon which the decree was entered, defendant's motion for a change of venue was allowed. The only question considered by the court in that case was whether the chancellor had authority to enter a decree for solicitors' fees and temporary alimony after the petition for a change of venue, on account of the prejudice of the trial judge, sufficient in form and verified as required by law, had been presented to the court and due notice thereof given to the adverse party. The Appellate Court concluded that ''after the petition is presented, the judge named therein has no power to render any further order therein, except such as may be made in connection with the one which allows the change of venue.'' Plaintiff in that proceeding also relied on section 11 of chapter 146 of the revised statutes [Jones Ill. Stats. Ann. 107.326], hereinbefore set forth, but the court held that the provisions of the decree for solicitors' fees and alimony were evidently not intended as the equitable terms and conditions on which the order for a change of venue was made, and concluded by saying that ''in fact, that decree was entered and appealed from as a separate proceeding before the change of venue was allowed, and there is nothing in the record to indicate any connection between the decree appealed from and the order for the change of venue,'' and reversed the decree accordingly.

A like conclusion was reached in *Davies v. Davies*, 247 Ill. App. 313, wherein the court following the ruling in *Simpson v. Simpson, supra,* held that if a petition is in proper form the change of venue must be allowed, and that after it is presented the judge therein named has no power to enter any further order except such as may be made in connection with the change of venue. In *Mockler v. David F. Thomas & Co.*, 273 Ill. App. 121, the court denied a petition for a change of venue and ordered the parties to proceed with the trial. It was there insisted on behalf of plaintiff that the petition was filed for delay and not made in apt time. The reviewing court, however, held that where a petition for a change of venue, charging prejudice of the judge, is regular in form, subsequent proceedings are void, and if the petition be properly presented, a court may not consider whether or not the petition was filed for delay.

Plaintiffs' counsel argue that safety to the rights of the parties and the protection of plaintiffs' property rights required the immediate entry of the order for temporary injunction, prior to the allowance of the change of venue. We do not pass upon the question whether plaintiffs were entitled to a temporary restraining order, and nothing in this opinion should be construed as prejudicial to the rights of plaintiffs to proceed with their motion before the chancellor to whom the cause now stands assigned. While it may well be true that the exigencies of the case required prompt action to preserve the rights of the parties until a full hearing might be had, it is not denied that Judge Finnegan, to whom the matter was assigned on the day that the change of venue was allowed, was immediately available, and that plaintiffs could have presented their application for a temporary injunction to him the very morning on which Judge Rush issued the injunction.

Obviously the provisions of section 11 of the Venue Act were not intended to give a judge named in a petition for change of venue the right to decide the very question which defendants believed his prejudice disqualified him from determining. The very filing of the petition for change of venue challenged the fairness of the chancellor to pass upon the motion for a temporary injunction. The courts hold that a change of venue is not a matter of practice, but a substantial right of a litigant. (*Witherstine v. Snyder*, 231 Ill. App. 251; *Mockler v. David F. Thomas & Co.*, 273 Ill. App. 121.) To allow the chancellor to pass upon the motion for a temporary injunction after the petition for a change of venue had been presented, would nullify the intent and purpose of the venue act.

The order of the circuit court granting the temporary injunction is reversed.

*Order reversed.*

SCANLAN, P. J., and SULLIVAN, J., concur.