Eddy Stoker Corporation, Appellant, v. Rose Jaffe, Appellee.

Gen. No. 42,087.

Heard in the third division of this court for the first district at the December term, 1941. Opinion filed May 27, 1942.

G. Donald Whitehouse, of Chicago, for appellant.

Morris C. Shaps, of Chicago, for appellee.

Mr. Justice Hebel delivered the opinion of the court.

This is an appeal from a mandatory preliminary injunction issued without bond in favor of the defendant in a replevin action, requiring plaintiff to return to defendant the property replevied by the bailiff, without requiring defendant to post any forthcoming bond. The injunction was issued notwithstanding the pendency of a petition for a change of venue previously filed by the plaintiff, praying that the cause be tried by some judge other than the one who entered the injunctional order.

Plaintiff's theory is that (1) the lower court improperly granted the defendant a mandatory preliminary injunction without bond, (2) that the injunctional order appealed from is so uncertain and indefinite in its terms as to be void, (3) that said order is also void for the reason that it does not set forth any facts justifying the issuance of an injunction without bond, (4) that the court was without jurisdiction, under the Replevin Act, to order a return of the property replevied without the posting of any forthcoming bond and (5) that the trial judge had no jurisdiction, after presentation of a petition for change of venue, to enter any order other than one transferring the cause.

Defendant's theory, on the other hand, is that (1) the court properly granted the injunction, (2) that the injunctional order was in all respects proper and valid, (3) that the court had jurisdiction to order a return of the property replevied without posting of any forthcoming bond and (4) that the petition for a change of venue embraced only the trial of the cause and did not extend to ancillary proceedings such as the one appealed from.

In June 1941, the defendant being in default with respect to a contract for the purchase of a coal stoker from plaintiff and having failed to pay for the stoker, the plaintiff, pursuant to its written terms, elected to determine and terminate the contract for purpose of further performance by defendant and to repossess the stoker. Accordingly, on June 23, 1941, plaintiff filed in the municipal court a replevin action for the recovery of the stoker, posting a statutory bond in the amount of $200. Thereafter, several alias and pluries writs were issued and returned by the bailiff, "no service and no property found." The bailiff reported that the defendant was evading service and concealing the property sought to be replevied.

The defendant was apparently aware of the pendency of the suit, because on August 1, 1941, the return day named in one of the writs, she appeared in court by counsel and tendered the plaintiff the sum of $150 in full settlement of its claim. The plaintiff refused to accept the tender, whereupon the defendant deposited the money with the clerk of the court in order to keep the tender good. Thereafter, the court entered the following order: "Defendant to deposit $150.00 with Clerk of Court. Trial as to Balance."

Sometime thereafter the plaintiff procured the issuance of an alias writ, pursuant to which the bailiff replevied the property in question.

It appears from the record that the only order entered on August 1, 1941 was the one above quoted. Thereafter, on August 25, 1941 the defendant filed a petition alleging that on August 1, 1941, Judge SCHILLER had entered an order "directing the attorney for the plaintiff to allow the property in question to remain in its place." The petition further alleged that seizure of the property by the bailiff was "a direct violation of the court order of August 1, 1941" and concluded with a prayer for a mandatory injunction directing plaintiff "to restore the property to its

former place and position immediately," and a further prayer that "the plaintiff and their attorney be held in contempt of court for violating Judge Schiller's order."

Thereafter, on September 10, 1941 an order was entered by the Honorable FRANK M. PADDEN, one of the judges of the municipal court, assigning the cause to the Honorable JAY A. SCHILLER for trial and specially setting the same for hearing. Thereupon the plaintiff filed its petition for change of venue, alleging the prejudice of the trial judge and praying for an order that "said cause and all proceedings ancillary thereto" be tried before some judge other than the said JAY A. SCHILLER. On September 29, 1941, the matter having come on to be heard before said judge, the defendant presented her petition for injunction and other relief and the plaintiff presented its petition for change of venue. The Court denied the petition for change of venue with respect to the interlocutory proceeding initiated by defendant and thereupon, without the introduction of any evidence by either party, summarily granted the defendant a mandatory preliminary injunction without bond, ordering and directing the plaintiff to restore the property replevied to its *status quo* as of August 1, 1941, within 15 days from date.

Plaintiff contends that the court's order granting a mandatory injunction was clearly erroneous, urging that a mandatory injunction is an extraordinary legal remedy and should be exercised with great caution and only in cases of grave necessity. (Citing *Lyle v. City of Chicago*, 357 Ill. 41.) It is further urged that a preliminary injunction should not ordinarily be mandatory, and that it is not usually permissible to issue a mandatory injunction until a final hearing can be had.

The application for change of venue was granted as to the trial of the cause, but denied with respect to

the hearing on defendant's petition for a preliminary injunction. This was error. In the case of *Agar Packing & Provision Corp v. United Packinghouse Workers of America*, 311 Ill. App. 502, this court said; "The very filing of the petition for change of venue challenged the fairness of the chancellor to pass upon the motion for a temporary injunction. The courts hold that a change of venue is not a matter of practice, but a substantial right of a litigant. (*Witherstine v. Snyder*, 231 Ill. App. 251; *Mockler v. David F. Thomas & Co.*, 273 Ill. App. 121.) To allow the chancellor to pass upon the motion for a temporary injunction after the petition for a change of venue had been presented, would nullify the intent and purpose of the venue act."

As we have indicated, this appeal is by plaintiff from an order directing it to restore the replevined chattel to the defendant within 15 days. Clearly, this is an interlocutory order. Plaintiff appeals on the theory that the order is tantamount to a temporary mandatory injunction, and that it has a right to appeal under the provisions of section 78 of the Civil Practice Act (sec. 202, ch. 110, Ill. Rev. Stat. 1941 [Jones Ill. Stats. Ann. 104.078].) We agree with plaintiff that the order appealed from constitutes a temporary mandatory injunction. Without discussing the proposition as to the jurisdiction of the municipal court to grant an injunction in any case, it is clear that the granting of this injunction was erroneous. The defendant, on whose behalf the injunction was granted, was not required to give bond as required by law. The order complained of was entered after the court had granted a petition for a change of venue. Obviously, the court could not enter any order after a change of venue had been granted.

For the reasons stated, that part of the order of the municipal court of Chicago of September 29, 1941,

reading; "Order of court rule on plaintiff to restore property replevined to *status quo* as of August 1, 1941 within 15 days from today" is reversed.

*Reversed.*

BURKE, P. J., and KILEY, J., concur.