Alfred Krueger, Appellant, v. Walter J. Cummings et al., Receivers, Trading as Chicago Surface Lines, Appellees.

Gen. No. 42,140.

Heard in the second division of this court for the first district at the February term, 1942. Opinion filed May 14, 1942.

LOUIS B. GOLDBERG, BENJAMIN B. GOLDBERG and IRVING G. ZAZOVE, all of Chicago, for appellant; IRVING G. ZAZOVE, of Chicago, of counsel.

FRANK L. KRIETE, CHARLES C. CUNNINGHAM and ARTHUR J. DONOVAN, all of Chicago, for appellees; WILLIAM J. FLAHERTY, of Chicago, of counsel.

MR. JUSTICE FRIEND delivered the opinion of the court.

The principal question presented on this appeal is whether the court erred in denying plaintiff's petition for a change of venue, alleging prejudice of the judge before whom the cause was about to be tried.

Plaintiff was injured in one of defendants' street cars and his suit for damages was set at the head of Judge W. W. DAMRON's call for June 2, 1941. When the case was called for trial on that day one of plaintiff's counsel answered ready, but no one appeared for defendants. Shortly thereafter Michael H. Ryan, who was watching the call for defendants, entered the court-room, and Judge DAMRON asked him whether he was

in the Krueger case and inquired for Mr. Cunningham, who was to try the cause for defendants. Ryan told the court that Cunningham was in Judge Williams' courtroom waiting for the files. Thereupon Irving G. Zazove, who was to try the case on behalf of plaintiff, entered the courtroom. He was advised of what had taken place and then learned for the first time that the case was about to be assigned to Judge Williams for reasons which do not clearly or satisfactorily appear of record. The assignment was made, notwithstanding Zazove's statement that he did "not try cases before Judge Williams." When the parties appeared before Judge Williams pursuant to the assignment, he announced that he would try the cause immediately following a case then on hearing which, he said, would in all probability be terminated by settlement. Zazove then advised Judge Williams that he desired a change of venue and wished time to prepare a petition for that purpose. Judge Williams indicated that he would not grant a change of venue but gave counsel limited time in which to prepare the petition. The case at bar was called for trial shortly before noon on the same day, and Zazove thereupon presented a petition for change of venue which he had hastily prepared in the interim and which conformed in all respects to the statute and was unchallenged as to its form and sufficiency.

The petition was summarily denied as shown by the following transcript of proceedings: "Mr. Zazove: Your Honor, this case was sent to me by Goldberg & Goldberg, and I just got into the case. This case was transferred to this court room under circumstances that I didn't know of, and the firm of Goldberg & Goldberg don't want me to try it here, and I have a petition for a change of venue which I ask be granted. Mr. Cunningham: I object to the change of venue. Mr. Zazove: They came in before Judge Damron, and they represented that they were not satisfied with the court.

Mr. Cunningham: That statement I object to. Mr. Zazove: And this idea of the street car lawyers selecting their own judges, I object to. I have this petition and I ask leave to file it. Mr. Cunningham: And I object to the petition for the change of venue. The Court: The petition will be denied.''

The cause then proceeded to hearing and at the close of plaintiff's case the court directed a verdict in favor of defendants and entered judgment accordingly. Defendants' counsel then presented to Judge WILLIAMS a report of proceedings, and in connection therewith several of the counsel on both sides testified as to what had occurred before Judges DAMRON and WILLIAMS leading up to the denial of the petition for change of venue. Defendants' counsel do not criticize or challenge the form of the petition but they argue that the colloquy before Judge WILLIAMS when the petition was presented indicated that a change of venue was sought, not because of any prejudice on the part of the judge, but ''because counsel objected to the street car lawyers selecting their own judges,'' and that the basis of the petition for a change of venue was not called to the attention of the judge or urged as ground for the change when the petition was presented.

We have no way of determining from the record whether Judge WILLIAMS read the petition, but he was undoubtedly afforded an opportunity to do so before passing upon it. The prejudice of the judge is clearly stated therein, and it left the court with no discretion in the matter. The law applicable to change of venue upon petitions which conform to the statute and are sufficient in every respect as to form and substance, is too well settled to require the extensive citation of authority. The Supreme Court in *People v. Scott*, 326 Ill. 327, said that ''no judge should think of presiding in a case in which his good faith in so doing is open to such serious question'' and reiterated the rule consistently followed in this State that ''Under

the statute no discretion is given to the court where a petition for a change of venue is made on account of the prejudice of the trial judge," because "The statute gives an absolute right to a change of venue to the petitioner when his petition is duly made and verified and filed in accordance with the statute." In *Agar Packing & Provision Corp. v. United Packinghouse Workers of America,* 311 Ill. App. 502, we held that the very filing of the petition challenged the fairness of the court and that a change of venue is not a matter of practice, but a substantial right of a litigant. In *Mockler v. David F. Thomas & Co.,* 273 Ill. App. 121, we held that the trial court has no right to even consider the purpose for which the petition might have been filed. Whatever colloquy may have taken place between the court and counsel is immaterial; it was incumbent upon the court to examine the petition and pass upon its sufficiency. It being conceded that the petition conformed to the statute, plaintiff had an absolute right to a change of venue and it was the duty of the court to grant it.

Since the cause will probably be retried, we do not pass upon plaintiff's other contention that the court erred in directing a verdict for defendants, and various other errors assigned with respect to rulings on objections to proof offered by plaintiff.

The judgment of the superior court is reversed and the cause is remanded for a new trial before one of the judges of the superior court not named in the petition.

*Judgment reversed and cause remanded.*

SCANLAN, P. J., and SULLIVAN, J., concur.