## City of Chicago, a Municipal Corporation, Appellee, v. Margaret Marquardt, Appellant.

**Gen. No. 48,286.**

First District, First Division.

March 13, 1961.

Gale L. Marcus, of Chicago, for appellant.

John C. Melaniphy, Corporation Counsel of the City of Chicago (Sydney R. Drebin and Marsile J. Hughes, Assistant Corporation Counsel, of counsel) for appellee.

MR. JUSTICE MURPHY delivered the opinion of the court.

This is a suit by the City of Chicago to recover a penalty for a violation of its Municipal Code, because defendant failed to wreck and remove a dangerous building. Defendant appeals from a $200 fine, contending that the trial court's denial of defendant's petition for change of venue constitutes reversible error.

There is no transcript of evidence. The record shows that defendant, a resident of Lombard, Illinois, was served with a summons by the sheriff of DuPage County. She entered her appearance on May 20, 1960, and on May 25, 1960, on her motion, the cause was continued for trial to June 22, 1960, and on that day, again on her motion, was continued for trial to July 20, 1960. On July 19, 1960, after notice, defendant filed her petition for change of venue in the office of the clerk of the Municipal Court. On July 20, in an ex parte hearing, the court found defendant guilty of the violation described in the complaint and assessed a fine of $200. After the entry of the judgment, the record shows "Petition for change of venue denied."

This is a quasi-criminal action, which is tried and reviewed as a civil proceeding (City of Chicago v. Lord (1954), 3 Ill. App.2d 410, 419, 122 N.E.2d 439; City of Chicago v. Campbell (1960), 27 Ill. App.2d 456, 170 N.E.2d 19) and comes within the civil case section of the Venue Act (Ill. Rev. Stat. 1955, Ch. 146, § 1).

The City contends that defendant's petition for change of venue is invalid because it names twenty-six of the thirty-six judges of the Municipal Court of Chicago, without specifying any reason as to why all of them have a personal prejudice against defendant.

Defendant contends that as the Act contains no limitation on the number of judges from whom a change of venue may be taken in a civil case, defendant had an absolute right to a change of venue, and it was the duty of the court to grant it (Krueger v. Cummings (1942), 314 Ill. App. 492, 495, 41 N.E.2d 977); that no discretion is given to the trial court if the petition is in proper form and duly verified (The People v. Scott (1927), 326 Ill. 327, 342, 157 N.E. 247); that a litigant is permitted to apply for a change of venue from all of the judges of any court of record (Feigen v. Shaeffer (1912), 256 Ill. 493, 494, 100 N.E. 260); and

that the instant judgment is void because entered after the court had wrongfully refused to grant the petition. Yedor v. Chicago City Bank & Trust Co. (1944), 323 Ill. App. 42, 59, 54 N.E.2d 728.

■ A change of venue is a substantial right and if a petition for a change of venue is duly made, verified and filed in accordance with the statute, it should "receive a liberal rather than a strict construction and should be construed to promote rather than defeat the right to a change of venue, particularly where prejudice on the part of the judge is charged"; and the court can look into the record to see whether a litigant is "seeking to avoid a trial of the case at all events." (The People v. Chambers (1956), 9 Ill.2d 83, 87, 91, 136 N.E.2d 812.) While there is no direct authority requiring specifications of prejudice as against a single judge, it is extremely unusual that an application be made against a number of judges without any reason being assigned as to why all of them have a personal prejudice. Where six judges of a court were named, our Supreme Court said: "It is not a practice that appeals to us." Balaszek v. Blaszak (1950), 405 Ill. 36, 41, 89 N.E.2d 796.

■ It is an abuse of the Venue Act to attempt to use it to avoid an expected adverse ruling (Paramount Paper Tube Corp. v. Capitol Engineering & Manufacturing Co. (1956), 11 Ill. App.2d 456, 461, 138 N.E. 2d 81), and the court may look to see if the defendant is really seeking to have his trial before a judge who is not prejudiced against him or merely seeking to avoid a trial. The People v. Stewart (1960), 20 Ill.2d 387, 391–2, 169 N.E.2d 796.

■ We believe that a petition for a change of venue filed by a nonresident litigant, naming twenty-six out of thirty-six judges as being prejudiced against her, with no specifications of the grounds of prejudice, is an attempt to use the Act to avoid any trial of the

111

cause or to avoid an expected adverse ruling. It is a patent abuse of the Act. In the absence of specifications of prejudice or a reasonable showing of good faith in seeking a change of venue from twenty-six judges, a trial court is justified in determining that the petition is not filed in good faith, is used to abuse the Venue Act, and should be denied. We come to this conclusion because we believe the pronouncements that a trial court has no discretion where a petition for a change of venue is made on account of prejudice of the trial judge do not apply, when used to sustain a misuse of a substantial right.

We believe the trial court did not err in denying defendant's motion for a change of venue. In view of this conclusion, it is unnecessary for us to discuss or determine any other contention of either side. Judgment affirmed.

Affirmed.

KILEY, P.J. and BURMAN, J., concur.