(No. 42697.—

THE PEOPLE *ex rel.* Edward Hanrahan, State's Attorney, Petitioner, *vs.* JAMES H. FELT, Judge, Respondent.

*Opinion filed April 1, 1971.*

Edward V. HANRAHAN, State's Attorney, of Chicago, (ELMER C. KISSANE and MATTHEW J. MORAN, Assistant State's Attorneys, of counsel,) for petitioner.

GORDON H. S. SCOTT, JOHN HENRY SCHLEGEL and ALLEN GOLDBERG, all of Chicago, appointed by the court, for respondent.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

By this original petition for a writ of *mandamus* or prohibition, the State's Attorney of Cook County seeks to compel the respondent, James H. Felt, a judge of the circuit court of Cook County, to vacate a pretrial discovery order which he entered in a juvenile delinquency proceeding pending before him.

The facts are undisputed. On April 18, 1969, two delinquency petitions were filed in the circuit court of Cook County in the interest of Donald Vance, a minor, age 14, which charged him with the offenses of armed robbery and rape. On May 8, 1969, Vance's attorney served notice of his intention to take a discovery deposition of the alleged victim of the rape and robbery. At that time he also served a "Notice of Demand for Bill of Particulars and List of State's Witnesses."

On October 22, 1969, the trial judge granted leave to take the deposition of the complaining witness, and directed that she be produced for that purpose at the office of the minor's attorney on a specified date. And on the same date the trial judge entered an order which directed the State's Attorney to provide the minor with the following:

"(1) The time and location of the alleged offenses.

(2) An opportunity to inspect and copy any and all statements and/or reports made by complainant, Clarene Reed in regard to the alleged offenses.

(3) An opportunity to inspect and copy any and all reports made by the Chicago Police Department in regard to said offenses including the report of the Juvenile Officer, to the extent such reports are in the possession of the State's Attorney.

(4) Age, marital status, and home address of the complainant, Clarene Reed.

(5) Any and all statements taken by the Chicago Police from the respondent [the minor.]

(6) A list of witnesses who may be called by the State and an opportunity to inspect and copy statement [*sic*] taken from said witnesses.

(7) A list of any and all physical evidence that may be introduced by the State.

(8) An opportunity to inspect and copy any and all hospital or medical reports pertaining to the alleged rape,

to the extent such reports are in the possession of the State's Attorney."

In issuing these orders the trial judge held that a proceeding under the Juvenile Court Act (Ill. Rev. Stat. 1969, ch. 37, par. 701—1 *et seq.*) is a civil proceeding and that he was therefore required to follow the discovery procedures applicable in civil cases. The State's principal contention is that a juvenile delinquency proceeding is criminal in nature and that the order was beyond the jurisdiction of the trial court. It is also argued that "civil practice discovery in criminal cases would be detrimental to the administration of justice" because broadened discovery would lead to harassment and intimidation of witnessees, suppression of evidence and an increase of perjury, "and that the question is governed by amendments to the Juvenile Court Act which provide that the standard of proof in criminal cases and the rules of evidence applicable to those cases are also applicable to juvenile delinquency proceedings." Ill. Rev. Stat. 1969, ch. 37, par. 704—6.

The answer asserts that juvenile proceedings are basically civil, although certain procedural safeguards employed in criminal proceedings are required, and that the underlying purpose of a delinquency proceeding would best be served by allowing broad pretrial discovery. It notes that the juvenile proceeding is specifically intended not to be an adversary proceeding (Ill. Rev. Stat. 1969, ch. 37, par. 701 —20(1),) and that broad discovery can insure that all relevant factual information is brought before the court. The answer denies the State's contention that broadened discovery will lead to harassment and intimidation of witnesses, suppression of evidence and increased perjury.

The first question we encounter concerns the propriety of original *mandamus* as a remedy in this case. The State contends that *mandamus* is proper because the order of the

trial judge was void, and it also invokes our decision in *People ex rel. General Motors Corp.* v. *Bua* (1967), 37 Ill.2d 180, where we held that although a pretrial order relating to discovery under this court's Rules (Ill. Rev. Stat. 1965, ch. 110, pars. 101.17, 101.19—12(3)) was not beyond the jurisdiction of the trial court, clarification of the scope of those rules was of sufficient compelling importance to justify original *mandamus*.

In our recent opinion in *In re Fucini* (1970), 44 Ill.2d 305, 311, we held that juvenile proceedings are "civil in nature, albeit, many of the rights accorded in adult tribunals are extended to juvenile court proceedings." We adhere to that view and do not agree that the trial court's order exceeded its jurisdiction. And although, as in the *Bua* case, "we wish to give no encouragement to the litigant who would have us review normal pretrial discovery procedure by original *mandamus*" (*People ex rel. General Motors Corp.* v. *Bua* (1967), 37 Ill.2d 180, 193), the circumstances that led the court to exercise original jurisdiction in that case are also present here. The present petition brings before the court an issue of extraordinary importance to the administration of justice in the juvenile courts which we think warrants the exercise of original jurisdiction.

In *In re Urbasek* (1967), 38 Ill.2d 535, 538-9, we quoted at length from *In re Holmes* (1954), 379 Pa. 599, 603-04, 109 A.2d 523, 525, to explain why juvenile court proceedings are conducted according to the rules developed in civil actions. "Delinquency hearings 'are not in the nature of a criminal trial but constitute merely a civil inquiry or action looking to the treatment, reformation and rehabilitation of the minor child. Their purpose is not penal but protective,—aimed to check juvenile delinquency and to throw around a child, just starting, perhaps on an evil course and deprived of proper parental care, the strong arm of the State acting as *parens patriae*. The State is not seeking to punish an offender but to salvage a boy who may be in

danger of becoming one, and to safeguard his adolescent life. Even though the child's delinquency may result from the commission of a criminal act the State extends to such child the same care and training as to one merely neglected, destitute or physically handicapped. No suggestion or taint of criminality attaches to any finding of delinquency by a Juvenile Court.' "

It is because of considerations such as these that we believe that the statutory provision that the "standard of proof and the rules of evidence in the nature of criminal proceedings" are applicable in delinquency proceedings ( Ill. Rev. Stat. 1969, ch. 37, par. 704—6) was intended primarily for the protection of the juvenile and was not designed to prohibit the use of discovery procedures.

It is also true, however, that a delinquency proceeding differs from the ordinary civil action in its potential consequences to the individual involved and to the community. From the point of view of the individual, the end result may be incarceration; and from the point of view of the community, the delinquency proceeding arises from antisocial behavior sufficiently serious so that, but for the age of the actor, a criminal prosecution would result. Although the paramount concern of the Juvenile Court Act is the welfare of the juvenile, the legitimate interests of the community in being safeguarded from such activity must also be considered. (See, Ill. Rev. Stat. 1969, ch. 37, par. 701—2.) We can foresee situations in which the danger inherent in a particular attempt at discovery might outweigh any benefit that could be received, and we hold, therefore, that although a delinquency proceeding is civil in nature, it is sufficiently distinct from other civil actions to make inappropriate the automatic application of discovery provisions applicable to civil cases.

This is not to say that the juvenile court may never allow a broader discovery than is allowed in criminal cases. It may be that the purposes behind the delinquency proceeding

would be furthered by doing so. If, in the case before us, it appeared that the judge had considered any possible adverse effects and had then exercised his discretion and entered the challenged orders, we would not interfere.

It appears, however, that he did not view the power to allow the discovery requested as a matter within his discretion, but rather as compelled by the civil nature of the action. There was no showing, for example, as to the wisdom of directing that the deposition of the prosecuting witness be taken. We hold that the civil discovery provisions do not routinely apply to juvenile delinquency proceedings, but that their applicability should be left to the discretion of the court. The writ of *mandamus* is allowed and the judge of the juvenile court is directed to vacate the orders heretofore entered and to conduct further proceedings in accordance with the views expressed in this opinion.

*Writ awarded.*