THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellee, *v.* LILLIAN DAVIS, Petitioner-Appellant.

(No. 55518;

First District (3rd Division)—May 3, 1973.

Jerrold J. Blumoff, of Chicago, for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Elmer C. Kissane and Ronald Neville, Assistant State's Attorneys, of counsel,) for the People.

Mr. PRESIDING JUSTICE DEMPSEY delivered the opinion of the court:

The director of the Cook County Department of Public Aid filed a petition in the Juvenile Court alleging that a two-year-old child named Mario Davis was not receiving proper care because of the mental illness of his mother. After a hearing, the child was placed in the temporary

custody of the Division of Child Welfare, Department of Children and Family Services of the State of Illinois.

Three subsequent hearings were held on the issue of the child's dependency. At the first of these, Lillian Davis, the child's mother, was called as a witness pursuant to section 60 of the Civil Practice Act. (Ill. Rev. Stat. 1969, ch. 110, par. 60.) Her attorney objected, the objection was overruled and she testified under protest.

At the conclusion of the third hearing, the trial court found Mario to be a dependent child and appointed a guardian for him.

In this appeal Mrs. Davis contends that compelling her to testify as an adverse witness was a denial of due process, was contrary to the provisions of the Juvenile Court Act and was a violation of her constitutional right against self-incrimination.

■■ The objection to Mrs. Davis's testifying was on the ground that this violated her right against self-incrimination. No objection was made that calling her as an adverse witness was either a denial of due process or contrary to the Juvenile Court Act. (Ill. Rev. Stat. 1969, ch. 37, par. 701—1 *et seq.*) If a party makes an objection for one reason, he cannot raise different reasons for his objection on appeal. (*People v. Norman* (1963), 28 Ill.2d 77, 190 N.E.2d 819; *People v. Washington* (1962), 23 Ill.2d 546, 179 N.E.2d 635; *People v. Trefonas* (1956), 9 Ill.2d 92, 136 N.E.2d 817.) Furthermore, calling Mrs. Davis as a witness did not deprive her of due process. All the essential elements of due process were afforded her. The proceedings were orderly and were conducted under established rules of procedure. She was notified of the dependency proceedings, she was present at the trial, she was represented by counsel, she was given an adequate opportunity to defend herself, she cross-examined opposing witnesses, she called witnesses in her defense and voluntarily testified in her own behalf. *Grattan v. Ahlberg Co.* (1940), 373 Ill. 455, 26 N.E.2d 499.

■■ No objection was made to her testifying on the ground that doing so would be contrary to the Juvenile Court Act. However, in the discussion which followed her self-incrimination objection, the assistant State's Attorney stated that it was proper to call Mrs. Davis under section 60 because a dependency hearing was a civil proceeding. Her attorney asserted it was not. This colloquy, brief as it was, called into question the nature of the proceeding and injected into the case the applicability of section 60 to such a proceeding. We will, therefore, consider this issue although it is specifically raised for the first time.

The stated purpose of the Juvenile Court Act is to secure for children subject to the Act such care and guidance, preferably in their own homes, as will serve their moral, emotional, mental and physical welfare and the

best interests of the community; to preserve and strengthen their family ties whenever possible, and to remove them from the custody of their parents only when their welfare or safety, or the protection of the public cannot be adequately safeguarded without removal. (Ill. Rev. Stat. 1969, ch. 37, par. 701—2(1).) Paragraph 701—2(2) provides that the court may direct all proceedings so as to promptly and fully gather information bearing upon the current condition and future welfare of the persons subject to the Act, and paragraph 701—2(3) provides that the Act should be liberally construed to carry out its purpose. Paragraph 701—20 sets forth the extensive rights of all parties to the proceedings and states that the proceedings are not intended to be adversary in character.

■■■ Although proceedings under the Juvenile Court Act have long been regarded as civil in nature (*In re Gault* (1967), 387 U.S. 1; *In re Fucini* (1970), 44 Ill.2d 305, 255 N.E.2d 380) distinctions have been drawn between juvenile delinquency and dependency proceedings. This distinction is noted in the Act itself. Paragraph 704—6 provides that the rules of evidence in the nature of criminal proceedings are applicable to hearings pertaining to delinquent minors, whereas the rules of evidence in the nature of civil proceedings are applicable to proceedings concerning dependant and neglected children. The difference between delinquency and dependency proceedings were commented upon in *In re Urbasek* (1968), 38 Ill.2d 535, 232 N.E.2d 716, where the court stated that cases of dependency or neglect "may appropriately be labeled 'civil' proceedings both in the legal and lay sense of the word."

■■■ While the provisions of the Civil Practice Act (Ill. Rev. Stat. 1969, ch. 110) are not automatically applicable to dependency proceedings in which juveniles may be deprived of their liberty (*In re Urbasek; People ex rel. Hanrahan v. Felt* (1971), 48 Ill.2d 171, 269 N.E.2d 1; *City of Danville v. Hartshorn* (1973), 53 Ill.2d 399, 292 N.E.2d 382), certain provisions of the Act are applicable to dependency proceedings and it was within the discretion of the trial court to apply the evidentiary rules of the Practice Act to the hearing in the present dependency case. The utilization of section 60 of the Act was proper to enable the State to bring out facts which otherwise it might not have been able to do.

Mrs. Davis states that "The issue of whether a parent can be called as an adverse witness in the dependency proceeding is a unique question which has not been presented to the Supreme Court or Appellate Court of Illinois." She argues that because of the nature of dependency proceedings and the natural and inherent rights of parents to retain custody of their children, maximum procedural safeguards should be required for the parents as well as for the children involved and that it was her con-

stitutional right not to testify in a proceeding that sought to deprive her of her child.

■■ The Constitutions of the United States (Fifth Amendment) and of the State of Illinois (Article I, sec. 10) state that no person shall be compelled in a criminal case to give evidence against himself. The phrase "in any criminal case" has been interpreted to mean in any case or proceeding, criminal, civil or quasi-criminal, where a person's testimony might tend to convict him of a criminal offense or subject him to fine or incarceration. *People v. Olmstead* (1965), 32 Ill.2d 306, 205 N.E.2d 625; *Kanter v. Clerk of Circuit Court* (1903), 108 Ill.App. 287; *City of Chicago v. Berg* (1964), 48 Ill.App.2d 251, 199 N.E.2d 49.

■■ Compelling Mrs. Davis to testify under section 60 was not a violation of her constitutional right against self-incrimination. She was not threatened with the loss of her liberty or other punishment. After she took the stand, an objection could have been appropriately made if any question was asked which tended to incriminate her or subject her to possible prosecution for any offense. We have held that in a civil case the privilege against self-incrimination can only be raised after the witness has been sworn and can only be asserted in response to a potentially incriminating question. *People ex rel. Elkin v. Rimicci* (1968), 97 Ill.App.2d 470, 240 N.E.2d 195; See also, *People ex rel. Keith v. Keith* (1967), 38 Ill.2d 405, 231 N.E.2d 387.

The defendant has pointed to no error in the Juvenile Court trial which deprived her of a constitutional right or which requires a reversal of the finding of dependency. The judgment is affirmed.

Affirmed.

McNAMARA and McGLOON, JJ., concur.