(No. 48766.—■■■■■)

THE PEOPLE *ex rel.* BERNARD CAREY, State's Attorney, Petitioner, v. WILLIAM S. WHITE, Judge, *et al.,* Respondents.

*Opinion filed November 15, 1976.*

William J. Scott, Attorney General, of Springfield, and Bernard Carey, State's Attorney, of Chicago (James B. Zagel and Jayne A. Carr, Assistant Attorneys General, of Chicago, and Laurence J. Bolon and Michael E. Shabat, Assistant State's Attorneys, of counsel), for petitioner.

Jill K. McNulty and David S. Rudstein, of Chicago, for respondent William S. White.

James J. Doherty, Public Defender, of Chicago (Aaron L. Meyers, Ronald P. Alwin, Ronald P. Katz, Dennis Tobin and Thomas Gribben, Assistant Public Defenders, of counsel), for respondent Glenn Young.

Isaiah S. Gant and T. Lee Boyd, Jr., of Evins, Pincham, Fowlkes & Cooper, of Chicago, for respondent David Morris.

MR. CHIEF JUSTICE WARD delivered the opinion of the court:

This is an original action brought by the State's Attorney of Cook County, in which he has petitioned for the issuance of a writ of *mandamus* (58 Ill. 2d R. 381) directed to the Honorable William S. White, a respondent, who is the presiding judge of the juvenile division of the circuit court of Cook County, ordering him to expunge certain orders he entered directing that jury trials be granted to certain minors, the respondents David Morris and Glenn Young, in pending delinquency proceedings

under the Juvenile Court Act (Ill. Rev. Stat. 1975, ch. 37, par. 701—1 *et seq.*).

Petitions charging Morris and Young with delinquency were filed in the juvenile division of the circuit court of Cook County. Young was alleged to have committed aggravated battery and Morris was alleged to have committed murder in a separate and unrelated incident. Before there was any hearing on the petitions the attorneys for the respondents appeared before Judge White and requested trials by jury. On August 13, 1976, Judge White allowed the motions of both respondents. We ordered all proceedings in the circuit court stayed pending our disposition of the petition for *mandamus.*

Judge White considered that the minor respondents had a statutory right to a jury trial under the Juvenile Court Act. He relied on section 1—2(3) of the Act, which provides:

> "In all procedures under this Act, the following shall apply:
>
>> (a) The procedural rights assured to the minor shall be the rights of adults unless specifically precluded by laws which enhance the protection of such minors." (Ill. Rev. Stat. 1975, ch. 37, par. 701—2(3)(a).)

Adults are given the right to a trial by jury by article I, section 13, of the Constitution of 1970. Ill. Const. 1970, art. I, sec. 13. See also Ill. Rev. Stat. 1975, ch. 38, par. 103—6.

The petitioner contends that Judge White had no authority to order jury trials since sections of the Juvenile Court Act preclude trials by jury in that they specifically assign the fact-finding responsibilities to the circuit judge. He argues that those provisions that require the circuit judge to make factual determinations enhance the protections of minors subject to the provisions of the Act and thus Judge White erred in basing his order on section 1—2(3).

We state first that we consider it is appropriate to

exercise original jurisdiction here. The petitioner contends that the judge lacked jurisdiction to enter the orders and that they are void. This court has held that *mandamus* is proper to expunge a void order entered by the court without jurisdiction. (*People ex rel. Ward v. Salter,* 28 Ill. 2d 612, 615; *People ex rel. Bradley v. McAuliffe,* 24 Ill. 2d 75, 78.) Too, we have held that *mandamus* may be awarded when the issues involved are of great importance to the administration of justice even if all the normal critieria for its issuance are not satisfied. (*People ex rel. Carey v. Covelli,* 61 Ill. 2d 394, 401; *People ex rel. Hanrahan v. Felt,* 48 Ill. 2d 171, 173-74.) We consider the petition here warrants the exercise of original jurisdiction.

We are not presented with a constitutional question: the parties recognize that neither our constitution nor the United States Constitution guarantees a trial by jury in juvenile proceedings. (*McKeiver v. Pennsylvania,* 403 U.S. 528, 29 L. Ed. 2d 647, 91 S. Ct. 1976; *In re Fucini,* 44 Ill. 2d 305.) The narrow question presented is whether trial by jury in juvenile proceedings is a right which under section 1—2(3) of the Act is "specifically precluded by laws which enhance the protection of such minors."

We judge that a review of the provisions of the Juvenile Court Act compels the conclusion that sections which require the court to make the factual determinations under the Act preclude the use of a jury at all stages of a juvenile proceeding.

To illustrate, after a proceeding is initiated against a minor by petition, the circuit court may issue a warrant to take the minor into custody. (Ill. Rev. Stat. 1975, ch. 37, par. 703—1(2).) When the minor is taken into custody the Act imposes on the court the duty of making a factual determination of whether there is probable cause to believe the minor is delinquent, neglected, dependent or otherwise in need of supervision, as defined by the Act. Ill. Rev. Stat. 1975, ch. 37, pars. 703—6(1) and (2).

At an adjudicatory hearing, which is the stage of the

proceeding here, the circuit court is also designated to serve as the trier of fact. Sections 4—6 through 4—8 of the Act in part provide:

"Sec. 4—6. Evidence at Adjudicatory Hearing.

At the adjudicatory hearing, the court shall first consider only the question whether the minor is a person described in Section 2—1. * * *

Sec. 4—7. Continuance Under Supervision.

(1) In the absence of objection made in open court by the minor, his parent, guardian, custodian or responsible relative, the court may, before proceeding to findings and adjudication, or after hearing the evidence but before noting in the minutes of proceeding a finding of whether or not the minor is a person described in Section 2—1, continue the hearing from time to time * * *.

Sec. 4—8. Findings and Adjudication.

(1) After hearing the evidence the court shall make and note in the minutes of the proceeding a finding of whether or not the minor is a person described in Section 2—1. If it finds that the minor is not such a person or that the best interests of the minor and the public will not be served by adjudging him a ward of the court, the court shall order the petition dismissed and the minor discharged from any detention or restriction previously ordered in such proceeding.

(2) If the court finds that the minor is a person described in Section 2—1 and that it is in the best interests of the minor and the public that he be made a ward of the court, the court shall note in its findings whether he is delinquent, otherwise in need of supervision, neglected or dependent, specifying which of Section 2—2 through 2—5 is applicable, and shall adjudge him a ward of the court and proceed at an appropriate time to a dispositional hearing.

If the court finds under Section 2—4 of this Act that the minor is neglected or under Section 2—5 of this Act that this minor is dependent the court shall then find whether such neglect or dependency is the result of physical abuse to the minor inflicted by a parent, guardian, or legal custodian and such finding shall appear in the order of the court." Ill. Rev. Stat. 1975, ch. 37, pars. 704—6 to 704—8.

Too, the Act designates the circuit court as the trier of fact in dispositional hearings (Ill. Rev. Stat. 1975, ch. 37, par. 705—1); probation violation or conditional discharge hearings (Ill. Rev. Stat. 1975, ch. 37, pars. 705—3(6), (10)); determinations of the placement of the minor (Ill. Rev. Stat. 1975, ch. 37, par. 705—7(1)); in the determination of commitment to the Department of Corrections (Ill. Rev. Stat. 1975, ch. 37, par. 705—10(1)) and in the determination of the duration of wardship (Ill. Rev. Stat. 1975, ch. 37, par. 705—11(2)). These sections explicitly state that the circuit court is to be the fact finder in juvenile proceedings. There is no provision for any other means of making factual determinations.

An intendment that there would not be trials by jury in juvenile proceedings is evidenced from the legislative history of the Act. The original statute, which was enacted in 1899, granted the right to a jury of six in delinquency proceedings. (See Hurd's Rev. Stat. 1899, ch. 23, par. 170; Ill. Rev. Stat. 1965, ch. 23, par. 2002.) The Family Court Act was repealed, effective January 1, 1966, and the Juvenile Court Act was enacted in its stead. No provision was made for trials by jury in the Juvenile Court Act. Considering that the legislature eliminated from the new act those provisions for jury trials which had been in existence for over 60 years, we judge it cannot be reasonably argued that the General Assembly nevertheless intended to grant this right through the general and summary declaration in section 1—2(3)(a).

Referring to the concerned provision in section 1—2(3), we deem that the provisions of the Juvenile Court Act which permit only the circuit judge to make factual determinations do enhance the protection of minors. As this court has recently observed in holding there is no constitutional right to a trial by jury in juvenile proceedings: "We see no useful function to be obtained by adding still more formality into the juvenile process. 'A jury trial, with all the clash and clamor of the adversary system that

necessarily goes with it, would certainly invest a juvenile proceeding with appearance of a criminal trial, and create in the mind and memory of the child the same effect as if it were.' *Dryden v. Commonwealth* (Ky.), 435 S.W.2d at 461." *In re Fucini,* 44 Ill. 2d 305, 309.

The Supreme Court of the United States in *McKeiver v. Pennsylvania,* 403 U.S. 528, 29 L. Ed. 2d 647, 91 S. Ct. 1976, also rejected a contention that a juvenile had a constitutional right to a jury trial at the adjudicative stage of a juvenile proceeding. The court did say that States are free to provide in such cases for trial by jury if they choose to do so and that, seemingly absent some prohibition in or under the State's juvenile statute, a juvenile court judge could in his discretion appoint an advisory jury to assist him in making a determination. However, the court set out numerous reasons why trial by jury was undesirable in juvenile adjudications. Some of the observations of the court were:

"2. There is a possibility, at least, that the jury trial, if required as a matter of constitutional precept, will remake the juvenile proceeding into a fully adversary process and will put an effective end to what has been the idealistic prospect of an intimate, informal protective proceeding.

\* \* \*

5. The imposition of the jury trial on the juvenile court system would not strengthen greatly, if at all, the factfinding function, and would, contrarily, provide an attrition of the juvenile court's assumed ability to function in a unique manner. It would not remedy the defects of the system. Meager as has been the hoped-for advance in the juvenile field, the alternative would be regressive, would lose what has been gained, and would tend once again to place the juvenile squarely in the routine of the criminal process.

* * *

12. If the jury trial were to be injected into the juvenile court system as a matter of right, it would bring with it into that system the traditional delay, the formality, and the clamor of the adversary system and, possibly, the public trial." 403 U.S. 528, 545-50, 29 L. Ed. 2d 647, 661-63, 91 S. Ct. 1976, 1986-88.

We consider the court's observations distinctly support our view that the precluding of jury trials does "enhance the protection" of minors.

Another contention of the respondents is that even though there is no clear statutory right to a jury trial in juvenile proceedings a circuit judge has the discretionary power to impanel an advisory jury to assist him in resolving factual questions. In support of this contention they cite section 1—2(2) of the Act, which provides in part: "In all proceedings under this Act the court may direct the course thereof so as promptly to ascertain the jurisdictional facts and fully to gather information bearing upon the current condition and future welfare of persons subject to this Act." (Ill. Rev. Stat. 1975, ch. 37, par. 701—2(2).) In addition to the claim of authority under this statute the respondents argue the circuit judge has inherent equitable power to impanel an advisory jury.

The respondents rely on *People v. Superior Court* (1975), 15 Cal. 3d 271, 539 P.2d 807, to support their contention that the circuit judge has authority under our Juvenile Court Act to impanel an advisory jury. The court there held there could be no trial by jury under the statute relating to juveniles but it said it could not "discern any intent on the part of the Legislature to foreclose the judge from empanelling an advisory jury." (15 Cal. 3d 271, 278, 539 P.2d 807, 812.) The court held the judge could do this under a statute with some resemblance to section 1—2(2) of our act, but it cautioned that the use of advisory juries

was to be limited to exceptional cases. However, we cannot discern any intent of our legislature to have anyone other than the circuit judge act in the process of factual determinations in juvenile proceedings. We consider that the use of an advisory jury would offend the spirit and policies underlying the Juvenile Court Act. The General Assembly has established a comprehensive system for juvenile proceedings and designated the circuit judge to be the trier of fact at every stage of the proceeding. Subject of course to observing constitutional protections, it was designed to be an informal, nonadversary process. The General Assembly when it enacted the Juvenile Court Act did not provide for trial by jury, though it had been provided for in the Family Court Act. The same considerations which persuaded the General Assembly that a conventional trial by jury would be detrimental in the handling of juveniles would apply to advisory juries. It would certainly tend to introduce into this system the adversary process, and its accompanying formalities and delays.

The respondents say that courts, in exercising equitable jurisdiction, have traditionally had discretion to impanel advisory juries to assist in making factual determinations (see *Fisher v. Burgiel,* 382 Ill. 42, 54; *Keith v. Henkleman,* 173 Ill. 137, 143; *Milk v. Moore,* 39 Ill. 584, 588), and that the Juvenile Court Act may be regarded as a codification of equitable jurisdiction over infants under *parens patriae* (*People ex rel. Houghland v. Leonard,* 415 Ill. 135, 138). However, this traditional authority cannot be exercised here where the legislature has manifested its intent that the circuit judge alone shall make factual findings under the Act.

For the reasons given the writ of *mandamus* is allowed and the respondent judge is directed to vacate the concerned orders heretofore entered and to conduct further proceedings not inconsistent with the views expressed in this opinion.

*Writ awarded.*