134 Ill. App.3d 393 (1985)
480 N.E.2d 873
In re DAISY CAMILLE HARPMAN et al. (The People of the State of Illinois, Petitioner-Appellee,
v.
David J. Rottinghaus et al., Respondents-Appellants).
Nos. 4-84-0788 through 4-84-0790 cons.
Illinois Appellate Court  Fourth District.
Opinion filed July 11, 1985.
Russell E. DePew, of Bloomington, for appellants.
Ronald C. Dozier, State's Attorney, of Bloomington (Robert J. Biderman and Gwendolyn Klingler, both of State's Attorneys Appellate Service Commission, of counsel), for the People.
Elizabeth A. Robb, Assistant Public Defender, of Bloomington, guardian ad litem.
Reversed and remanded.
*394 JUSTICE WEBBER delivered the opinion of the court:
Three petitions for adjudication of wardship were filed in the circuit court of McLean County alleging that the respondents' three minor children were neglected under section 2-4 of the Juvenile Court Act (Ill. Rev. Stat. 1983, ch. 37, par. 702-4). The cases were consolidated for an adjudicatory hearing, following which the trial court found the minors to be neglected as alleged in the petitions. At the subsequent dispositional hearing, the court ordered the minors wards of the court and transferred guardianship to the Department of Children and Family Services (DCFS) with authority to place.
Respondents, the natural parents of the minors involved, appeal from the orders adjudging their three minor daughters neglected and ordering the minors wards of the court. Respondents claim: (1) that the petition for adjudication of wardship fails to state a cause of action for neglect, and (2) that the finding that the minors were neglected was against the manifest weight of the evidence. We agree with the first of these claims, and therefore reverse the judgment of the trial court.
The pertinent facts are as follows. On May 23, 1984, three petitions for adjudication of wardship were filed in the circuit court of McLean County naming as respondents David and Linda Rottinghaus, the parents of minors Daisy Camille Harpman (born out of wedlock to respondents on July 15, 1979), Emily Rose Rottinghaus (born July 21, 1983), and Violet Joy Rottinghaus (born May 17, 1984). The petitions alleged that the minors were neglected under section 2-4 of the Juvenile Court Act (Act) (Ill. Rev. Stat. 1983, ch. 37, par. 702-4) by reason of the following facts:
"That the parents of the above minor[s] have not provided the proper care for [their] well-being in that:
A) on 9 September 1982 the Sangamon County Circuit Court, Juvenile Division, found David Rottinghauss [sic] `unfit' as a father of two other of his female children, Sarah and Susan, by reason of the fact that he had sexually abused each of them;
B) since 9 September 1982 both David Rottinghauss [sic] and Linda Rottinghauss [sic] have denied any sexual abuse had occurred to Sarah and Susan, and have not engaged in any meaningful therapy to provide a family environment wherein such sexual abuse would not occur again;
C) in not resolving the prior issue of sexual abuse as to Sarah and Susan, they continue to expose the above minor[s] to a substantial risk of sexual abuse by David Rottinghauss [sic]."
*395 The petitions requested that each minor be adjudged a ward of the court.
Also on May 23 a shelter care hearing was held, at the conclusion of which the trial court found that the above allegations were supported by probable cause. The court ordered temporary shelter care for the minors, who were transferred to the custody of DCFS with authority to place in a temporary foster home.
The consolidated adjudicatory hearing was held on August 24, 1984, at which respondents were represented by appointed counsel. Prior to the hearing, respondents filed a motion to dismiss the petitions for adjudication of wardship. The motion asserted that the petition failed to state a cause of action by omitting any allegations of acts of abuse or neglect under section 2-4(1) of the Act. (Ill. Rev. Stat. 1983, ch. 37, par. 702-4(1).) The motion was taken under advisement at the beginning of the adjudicatory hearing and was denied at the close of the State's evidence, the court finding that a cause of action was stated under section 2-4(1).
In view of our disposition of this case, it is not necessary to detail the evidence adduced at the adjudicatory hearing. The genesis of the proceeding was a report received by DCFS that the two older minors were filthy with matted hair, that Daisy had a welt on her back, and that the family had no money or shelter. A DCFS investigator interviewed David Rottinghaus at the hospital where Linda was giving birth to Violet and learned from David that the latter had been accused of sexually abusing two daughters by a previous marriage. It was later established that David had indeed been found unfit as a parent by reason of sexual abuse. However, further investigation failed to reveal any signs of physical or sexual abuse in the daughters of David and Linda. It was the position of DCFS that the failure of David and Linda to address this problem through counseling presented a risk to the daughters of Linda and David that his abusive behavior would be repeated. The trial court evidently adopted this position.
An examination of the allegations contained in the petition for adjudication of wardship, quoted above, reveals the absence of any alleged acts of abuse or neglect directed towards the respondents' children. The petition alleges in substance that David sexually abused two daughters of a previous marriage. However, the petition purports to state a cause of action for neglect, not abuse. Read liberally, the only act or omission allegedly affecting the subject minors is the failure of respondents to acknowledge the previous abuse and obtain therapy to insure that such abuse would not be repeated.
 1 As noted, respondents challenge the sufficiency of the above *396 allegations to support a cause of action for neglect. The applicable provision of the Juvenile Court Act requires that a petition for adjudication of wardship set forth facts sufficient to bring the minors under the jurisdiction of the juvenile court. (Ill. Rev. Stat. 1983, ch. 37, par. 704-1.) In the context of this case, the petitioner was required to set forth facts showing that respondents' children were neglected. A neglected minor is defined as one:
"[W]hose parent or other person responsible for the minor's welfare does not provide the proper or necessary support, education as required by law, or medical or other remedial care recognized under State law as necessary for a minor's well-being, or other care necessary for his or her well-being, including adequate food, clothing and shelter, or who is abandoned by his or her parents or other person responsible for the minor's welfare." Ill. Rev. Stat. 1983, ch. 37, par. 702-4(1).
 2 Proceedings such as the instant one are considered civil in nature. (In re Christenberry (1979), 69 Ill. App.3d 565, 387 N.E.2d 923.) Petitions for adjudication of wardship should therefore comply with the general rules of civil pleading practice. While it is true that no pleading is bad in substance which contains facts that reasonably inform the opposite party of the claim he is called upon to meet, such rule does not obviate the requirement of stating a cause of action in any case, including a juvenile proceeding. In re Rauch (1977), 45 Ill. App.3d 784, 359 N.E.2d 894.
 3 We are of the opinion that the petition in the instant case fails to set forth sufficient facts to state a cause of action for neglect. The petition is devoid of facts alleging negligent acts or omissions directed towards the respondents' children. We do not view the failure of respondents to engage in therapy deemed beneficial by DCFS to be the type of failure to provide care for the minors' well-being that was contemplated by the legislature in defining a neglected minor.
At one time it could conceivably be argued that the failure to engage in such therapy created an environment injurious to the minors' welfare. The "injurious environment" language was contained in the previous definition of neglected minor. (Ill. Rev. Stat. 1979, ch. 37, par. 702-4(1)(b).) However, that language was deleted from that definition and now appears in the definition of abused minor. (Ill. Rev. Stat. 1983, ch. 37, par. 702-4(2)(b).) Of course, we need not decide whether the petitions here state a cause of action for abuse since they allege only neglect.
The fundamental purpose of the Juvenile Court Act is to protect the best interests of minors. It must be recognized, however, that a *397 proceeding for adjudication of wardship represents a significant intrusion into the sanctity of the family which should not be undertaken lightly. (See In re Custody of Menconi (1983), 117 Ill. App.3d 394, 453 N.E.2d 835.) Thus the scope of a trial court's authority under section 2-4 of the Act "is limited to minors who are actually neglected and does not extend to those who are thought to be subject to neglect in the future." In re Nyce (1971), 131 Ill. App.2d 481, 487, 268 N.E.2d 233, 237.
In conclusion, the petitions for adjudication of wardship fail to set forth sufficient facts to state a cause of action for neglect. It was therefore error to deny respondents' motion to dismiss the petitions. Given this holding, we need not address respondents' second argument that the evidence was insufficient to support the orders adjudicating the minors neglected and ordering them wards of the court. Those orders are reversed and the cause remanded for further proceedings consistent with this opinion.
Reversed and remanded.
GREEN, P.J., and McCULLOUGH, J., concur.