*In re* DARNELL J. *et al.*, Minors (Darnell J. *et al.*, Minors, by their Next Friend Patrick T. Murphy, Public Guardian of Cook County, Respondents-Appellants, v. The People of the State of Illinois, Petitioner-Appellee (The Department of Children and Family Services, Appellee)).

First District (2nd Division)   Nos. 1—89—1717 through 1—89—1719 cons.

Opinion filed March 27, 1990.

Patrick T. Murphy, Public Guardian, of Chicago (Yvonne Holte and Susan T. Pierce, of counsel), for appellants.

Cecil A. Partee, State's Attorney, of Chicago (Renee Goldfarb, Kenneth T. McCurry, and Veryl L. Gambino, Assistant State's Attorneys, of counsel), for the People.

JUSTICE BILANDIC delivered the opinion of the court:

Petitioner brought the cases of Darnell, Danyelle and Dana J. before the juvenile court. The petitions alleged that their necessary care was neglected and that Darnell had been physically abused. The trial court appointed Patrick T. Murphy, public guardian, as the guardian *ad litem* for each of the minor respondents. The court also appointed Patrick T. Murphy as the attorney for the guardian *ad litem*. Murphy accepted both appointments and immediately moved for a change of venue from the appointing judge. The written verified petition for a change of venue alleges that the respondents fear that they will not receive a fair trial because "the judge is prejudiced against the minor's attorney." It also alleges that this is the first request for a change of venue and that the trial court has not ruled on any substantive issue. It is undisputed that the petition for change of

venue meets the technical requirements of section 2—1001 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—1001).

In addition to the three cases mentioned above, the trial court had before it 52 other abuse and neglect cases where Patrick T. Murphy was similarly appointed guardian *ad litem* and attorney and made the same motion for change of venue. In one of the cases, in response to the court's inquiry, Mr. Murphy said he intended to make the same motion in all subsequent cases before the judge.

> "MR. MURPHY: We accept appointment, judge, and move for a change of venue.
>
> THE COURT: Let me ask you, counsel, do you anticipate moving for a change of venue in every case to which you are appointed?
>
> MR. MURPHY: That's correct."

After considering the legal memoranda and hearing arguments of counsel, the trial court denied the change of venue. The court concluded that, although abuse and neglect cases are civil in nature, section 2—1001 does not require a change of venue but leaves it to the discretion of the court. Because the granting of a change in 55 cases would disrupt the smooth operation of the juvenile court, the trial court exercised its discretion and denied the change of venue in each case.

On November 28, 1988, the trial court granted temporary custody of the children to the Department of Children and Family Services (DCFS). On December 1, 1988, the Illinois Supreme Court denied the public guardian leave to file a writ of *mandamus* action. (*People ex rel. Baby Boy W. v. Costa* (December 1, 1988) No. 67751.) After trial on May 3, 1989, the court made a finding that all three children had been neglected and that Darnell had been physically abused. After a dispositional hearing and the presentation of a social investigation by the DCFS on June 7, 1989, the children were made wards of the court and were placed under the guardianship of Betty Scott—their maternal grandmother. This appeal followed.

The issue presented is whether the trial court was required to grant the change of venue when the respondent complied with the requirements of section 2—1001 of the Code of Civil Procedure.

■ A change from one judge to another judge of the same court is often referred to as a change of venue. (Black's Law Dictionary 210 (5th ed. 1979).) Although the phrase has other definitions, that is the context in which it is used in this opinion.

■ It is well settled under Illinois law that a party who "properly files" a motion for a change of venue is entitled to a substitu-

tion of judges. The judge before whom the motion is made has "no discretion" to deny the motion. (*County of Du Page v. E & E Hauling, Inc.* (1977), 67 Ill. 2d 390, 368 N.E.2d 110; *In re Marriage of Betts* (1987), 155 Ill. App. 3d 85, 95-96, 507 N.E.2d 912, *appeal denied* (1987), 116 Ill. 2d 556.) It is undisputed that the motions for change of venue at issue were sufficient and timely. Counsel for respondents filed the motions immediately after his appointment, before any orders of substance were made. The motions were in writing and accompanied by affidavits.

■ The Illinois Code of Civil Procedure applies to juvenile proceedings when the child's liberty is not at issue and when no other section specifically regulates the procedure at issue. (Ill. Ann. Stat., ch. 110, par. 1—108, Historical and Practice Notes, at 38-39 (Smith-Hurd 1983).) The Juvenile Court Act does nothing to preempt the Code's change of venue provisions. Since abuse and neglect proceedings do not involve the minor's liberty, the Code of Civil Procedure applies. Dependency, neglect and abuse proceedings are "appropriately *** labelled 'civil' proceedings both in the legal and lay sense of the word." *In re Urbasek* (1967), 38 Ill. 2d 535, 543, 232 N.E.2d 716. See *In re Christenberry* (1979), 69 Ill. App. 3d 565, 567, 387 N.E.2d 923 (civil rules apply to post-trial motions); *In re Harpman* (1985), 134 Ill. App. 3d 393, 396, 480 N.E.2d 873 (civil rules apply to pleading standards); *People v. Davis* (1973), 11 Ill. App. 3d 775, 778-79, 298 N.E.2d 350 (civil rules apply to testimony of adverse witnesses).

■ The right to a change of venue is absolute when any civil litigant seeks it. (*County of Du Page v. E & E Hauling, Inc.* (1977), 67 Ill. 2d 390, 368 N.E.2d 110.) However, petitioner contends that an exception to this absolute right exists where the conduct of the person seeking the change disrupts the smooth operation of the courts. It argues that the substantial number of cases presently involved and the potential for additional future cases to be similarly affected require this court to affirm the trial court's denial of the motion for change of venue.

The three cases cited by the State to support its argument that the change of venue statute does not apply if the smooth functioning of the judiciary would somehow be affected are distinguishable. The State cites *City of Chicago v. Marquardt* (1961), 30 Ill. App. 2d 108, 173 N.E.2d 825, for the proposition that a change of venue may not be used to avoid adverse rulings. However, in *Marquardt*, the petitioner filed a motion for a change of venue which named 26 out of a possible 36 judges as being prejudiced against the litigant, without

specifying the grounds for the prejudice. Under these circumstances, the appellate court held that the change of venue was not filed in good faith. (30 Ill. App. 2d at 111-12.) Only one judge is involved in the case *sub judice.*

The State cites *In re Marriage of Passiales* (1986), 144 Ill. App. 3d 629, 494 N.E.2d 541, for the proposition that the change of venue statute may not be used to "judge-shop." However, the State neglects to point out that, in that case, the motion for change of venue was filed after the judge had ruled on a substantive issue by granting a section 72 (now Code section 2—1401) petition. In fact, in *Passiales*, the appellate court affirmed that "a change of venue is absolute if a request is filed before the judge has ruled on any substantive issue." (144 Ill. App. 3d at 637.) At bar, no substantive action was taken before the denial of the motion for change of venue.

Lastly, the State cites *People v. Williams* (1988), 124 Ill. 2d 300, 529 N.E.2d 558, for the proposition that abuses by government lawyers in seeking changes of venue will not be tolerated by the courts. In *Williams*, the supreme court referred to motions for substitution made solely for the purpose of delaying or avoiding trial, and the court pointed out that if such abuses occur, the courts or legislature will deal with them when and where they arise. (124 Ill. 2d at 309.) In the matter at hand, there was no attempt to delay or avoid trial.

Pursuant to enabling State legislation (Ill. Rev. Stat. 1987, ch. 110½, par. 13—1.1), the chief judge of the circuit court of Cook County appointed Patrick T. Murphy as public guardian. The same chief judge also administers the operation of the juvenile division of the circuit court of Cook County. If Mr. Murphy's conduct disrupts the smooth operation of the court, that matter can be dealt with swiftly and effectively because the public guardian serves "at the pleasure of the chief judge." (Ill. Rev. Stat. 1987, ch. 110½, par. 13—1.1.) It is not necessary to carve out an exception to the well-established change of venue statute or existing case law.

■ We therefore conclude that section 2—1001 applies to civil cases in the juvenile court. Abuse and neglect cases are civil in both the legal and lay sense of the word. (*In re Urbasek* (1967), 38 Ill. 2d 535, 232 N.E.2d 716.) The trial court, under the facts of this case, had no discretion to deny the change of venue.

● 6 After improperly denying the motions, the trial court had no jurisdiction to enter the subsequent orders. These orders are void. *Johnson v. Johnson* (1975), 34 Ill. App. 3d 356, 340 N.E.2d 68; *In re Estates of Rice* (1979), 77 Ill. App. 3d 641, 396 N.E.2d 298; *City of*

*Peoria v. Peoria Rental, Inc.* (1978), 61 Ill. App. 3d 1, 377 N.E.2d 546.

Accordingly, the judgment of the circuit court of Cook County is reversed and this cause is remanded for further proceedings consistent with the views expressed herein.

Reversed and remanded.

DiVITO, P.J., and SCARIANO, J., concur.