669 N.E.2d 1225 (1996)
283 Ill. App.3d 183
218 Ill.Dec. 699
In re R.G., a Minor (The People of the State of Illinois, Petitioner-Appellee,
v.
R.G., Respondent-Appellant).
No. 2-94-0930.
Appellate Court of Illinois, Second District.
August 28, 1996.
G. Joseph Weller, Deputy Defender (Court-appointed), Paul Alexander Rogers *1226 (Court-appointed), Office of the State Appellate Defender, Elgin, Daniel M. Kirwan, Deputy Defender, (Court-appointed), Janet Gandy Fowler (Court-appointed), Office of State Appellate Defender, Mt. Vernon, for a Minor, R.G.
David R. Akemann, Kane County State's Attorney, St. Charles, William L. Browers, Deputy Director, State's Attorney Appellate Prosecutor, Elgin, Lisa A. Hoffman, Assistant Attorney General, Chicago, Gregory L. Slovacek, State's Attys. Appellate Service Com'n, Elgin, for the People.
Justice INGLIS delivered the opinion of the court:
The minor respondent, R.G., appeals from his adjudication of delinquency. The circuit court of Kane County found that respondent had committed reckless discharge of a firearm (720 ILCS 5/24-1.5 (West Supp.1993)), aggravated battery with a firearm (720 ILCS 5/12-4.2(a)(1) (West 1992)), and aggravated discharge of a firearm (720 ILCS 5/24-1.2(a)(2) (West 1992)). On July 16, 1994, respondent was adjudicated delinquent on the charge of aggravated battery with a firearm, made a ward of the court, and committed to the Juvenile Department of Corrections. Respondent timely appeals.
The sole issue presented for appeal is whether the circuit court erred in finding that section 114-5(a) of the Code of Criminal Procedure of 1963 (Code of Criminal Procedure) (725 ILCS 5/114-5(a) (West 1992)), rather than sections 2-1001(a)(2)(i) and (a)(2)(ii) of the Code of Civil Procedure (735 ILCS 5/2-1001(a)(2)(i), (a)(2)(ii) (West 1992)), governs the substitution of a judge in juvenile delinquency proceedings.
On April 26, 1994, a petition for adjudication of wardship was filed against respondent, alleging that he had committed aggravated battery with a firearm, aggravated discharge of a firearm, and reckless discharge of a firearm. On June 1, 1994, the minor filed a motion for substitution of judge pursuant to sections 2-1001(a)(2)(i) and (a)(2)(ii) of the Code of Civil Procedure. 735 ILCS 5/2-1001(a)(2)(i), (a)(2)(ii) (West 1992).
At the June 13, 1994, hearing on the motion, defense counsel argued that the Code of Criminal Procedure did not apply to delinquency cases and that there was no authority precluding the minor from availing himself of the automatic substitution of judge provision under the Code of Civil Procedure. The State argued that the motion was untimely and should be denied. Defense counsel admitted that the motion for substitution was filed more than 10 days after the judge had been assigned to the minor's case, which would render it untimely under section 114-5(a) of the Code of Criminal Procedure. 725 ILCS 5/114-5(a) (West 1992).
The trial court applied the Code of Criminal Procedure and denied respondent's motion for substitution of judge. The trial court invited defense counsel to file a motion for cause on the issue of actual prejudice (725 ILCS 5/114-5(d) (West 1992)); however, the record does not reflect that trial counsel made such a motion. Thereafter, the case proceeded to an adjudicatory hearing, and on July 19, 1994, the minor was made a ward of the court and committed to the Juvenile Department of Corrections.
We initially note that the report of proceedings indicates the hearing date on respondent's motion for substitution of judge to be July 13, 1993. The order actually entered and filed by the trial court is dated June 13, 1994. The hearing date on the minor's motion in the report of proceedings was obviously a typographical error.
On appeal, respondent argues that the trial court erred in denying the motion for substitution of judge under the Code of Civil Procedure. Respondent asserts that the civil rules of procedure should apply to motions for substitution of judge because of the remedial nature of the delinquency procedure and the lack of criminal statutory requirements which would bind a court to follow the criminal procedural rules. Respondent relies on the recent case of In re W.C., 167 Ill.2d 307, 212 Ill.Dec. 563, 657 N.E.2d 908 (1995), to support his claim that the civil rules of procedure should apply to motions for substitution of judge made prior to delinquency adjudications.
*1227 We do not agree that In re W.C. supports respondent's argument. In re W.C. involved a written post-trial motion and whether a claimed constitutional violation raised in a delinquency adjudication was waived for failure to make such a claim in a written post-adjudication motion. In re W.C., 167 Ill.2d at 318, 212 Ill.Dec. 563, 657 N.E.2d 908. The court held that an issue raised before the circuit court in a delinquency proceeding was not subject to the criminal statutory rule that a written post-trial motion is required to preserve error for review. In re W.C., 167 Ill.2d at 327, 212 Ill.Dec. 563, 657 N.E.2d 908. The court's underlying analysis was based on basic waiver principles and whether the juvenile delinquency process itself preserved a claimed error or whether a post-trial motion was necessary to preserve it. It found that the additional written post-adjudicatory motion was not required to preserve a claimed error under the Juvenile Court Act of 1987 (Act) (705 ILCS 405/1-1 et seq. (West 1994)). In re W.C., 167 Ill.2d at 320-27, 212 Ill.Dec. 563, 657 N.E.2d 908. Here, we are not concerned with preserving claimed errors and do not find the analysis applicable to motions for substitution of judge.
There is no question, as respondent argues, that the overriding purpose of the Act is to correct and rehabilitate, not punish. In re W.C., 167 Ill.2d at 320, 212 Ill.Dec. 563, 657 N.E.2d 908. This is done by serving the best interests of the minor, which in turn serves the best interests of the minor's family and the community at large. Given the remedial nature of the Act, courts have held that delinquency proceedings are not "criminal" proceedings. In re Beasley, 66 Ill.2d 385, 389, 6 Ill.Dec. 202, 362 N.E.2d 1024 (1977).
Because delinquency proceedings are not criminal proceedings, not all criminal safeguards have been employed in the juvenile proceeding. For example, a minor has no right to a jury trial, in part, because a jury trial would invest a juvenile proceeding with the appearance and form of a criminal trial. People ex rel. Carey v. White, 65 Ill.2d 193, 200, 2 Ill.Dec. 345, 357 N.E.2d 512 (1976). Additionally, the speedy trial provisions of the Code of Criminal Procedure are not applicable to juvenile proceedings because they apply only to an alleged offense and under the Act a minor is not deemed to be held in custody for an alleged offense. People v. Woodruff, 88 Ill.2d 10, 15-16, 58 Ill.Dec. 869, 430 N.E.2d 1120 (1981).
Although a delinquency proceeding is not a criminal proceeding, many criminal procedural safeguards are still applied to the delinquency process. Due process rights, such as the right to counsel, the right to confront witnesses, the right to cross-examination, the right to remain silent (In re Application of Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967)), and the right to adequate notice (In re J.P.J., 109 Ill.2d 129, 92 Ill.Dec. 802, 485 N.E.2d 848 (1985)) have been applied to the juvenile proceeding. Transfer of a juvenile for criminal prosecution also must comport with due process. See People v. P.H., 145 Ill.2d 209, 164 Ill.Dec. 137, 582 N.E.2d 700 (1991). The application of criminal waiver rules and adequate notice are employed in delinquency hearings. In re J.P.J., 109 Ill.2d 129, 92 Ill.Dec. 802, 485 N.E.2d 848 (1985). At the adjudicatory hearing, the court uses the criminal standard of proof beyond a reasonable doubt and criminal rules of evidence when considering whether a minor is delinquent. In re Urbasek, 38 Ill.2d 535, 232 N.E.2d 716 (1967). Moreover, the Act itself incorporates the criminal rules of evidence and burden of proof standards. In re C.L., 180 Ill.App.3d 173, 128 Ill.Dec. 725, 534 N.E.2d 1330 (1989); In re W.D., 194 Ill.App.3d 686, 141 Ill.Dec. 364, 551 N.E.2d 357 (1990).
Further, the juvenile delinquency proceeding has been held to be sufficiently distinct from other civil actions. In People ex rel. Hanrahan v. Felt, 48 Ill.2d 171, 175, 269 N.E.2d 1 (1971), the court stated that, although a delinquency proceeding is civil in nature, it is sufficiently distinct from other civil actions. It held that civil discovery provisions do not automatically apply to delinquency proceedings. Felt, 48 Ill.2d at 175, 269 N.E.2d 1. Even where the civil rules of procedure have been applied to the juvenile proceeding, a distinction is drawn where a minor's liberty is at issue. In re Dominique F., 145 Ill.2d 311, 318, 164 Ill.Dec. 639, 583 *1228 N.E.2d 555 (1991), held that, because the abuse and neglect proceeding was civil in nature and the minors' liberty was not at issue, the Code of Civil Procedure's change of venue provisions applied. See also In re J.M., 245 Ill.App.3d 909, 184 Ill.Dec. 754, 613 N.E.2d 1346 (1993) (abuse and neglect proceeding is civil in nature and matter avoiding legal effect of claim pursuant to section 2-619(a)(9) applies); In re Darnell J., 196 Ill.App.3d 510, 143 Ill.Dec. 378, 554 N.E.2d 313 (1990) (in abuse and neglect proceeding, Code of Civil Procedure's change of venue provisions apply).
This dividing line, drawn where liberty is at stake, appeals to both logic and common sense. We therefore find that, where the minor's liberty is at issue, the juvenile adjudication proceeding is more closely analogous to a criminal proceeding and, thus, the Code of Criminal Procedure's substitution of judge provision applies. Motions for substitution of judge in a juvenile delinquency proceeding where the minor's liberty is at issue, therefore, must be filed according to the requirements of section 114-5(a) of the Code of Criminal Procedure. 725 ILCS 5/114-5(a) (West 1992). The record reveals that the petition for substitution of judge failed to comply with the technical 10-day statutory requirement. As such, the trial court properly denied the motion.
For the foregoing reasons, the judgment of the circuit court of Kane County denying respondent's motion for substitution of judge as untimely is affirmed.
Affirmed.
BOWMAN and DOYLE, JJ., concur.